JAMES C. CLOYD

v.

WILLIAM TROTTER.

*Filed at Mt. Vernon November 10, 1886.*

1.  NON-RESIDENT *defendants in chancery—service by copy of bill, and notice of pendency of suit—of character of jurisdiction thereby acquired—of requisites attending that mode of service.* The service of a copy of a bill in chancery to remove a cloud upon title to land, and notice of the commencement of the suit, upon a non-resident defendant, will be a sufficient service under section 14 of the Chancery Code, and will give the court jurisdiction, except to render a personal decree, although the notice be not signed. The notice may be regarded as a part of the bill, and if that is signed, it will be sufficient.

2.  In such case, the service out of the State, by copy of the bill and notice, so far as property in this State is sought to be affected, will give the court jurisdiction to decree concerning it, but not to render a personal decree against the defendant for the recovery of money or costs, and to award a general execution against him for the collection of the same.

3.  The statute does not make the issue and return of a summons necessary to the validity of a service by a copy of the bill with a notice of the commencement of the suit, as to a non-resident defendant; but if it did, a finding in the decree of such fact will answer, where the record fails to show the contrary. The absence in the record of any summons will not overcome such a finding.

4.  COSTS IN SUPREME COURT—*on partial reversal.* In this case the court, on a partial reversal of a decree on a question not affecting the merits, required the plaintiff in error to pay all the costs in this court.

WRIT OF ERROR to the Circuit Court of Wayne county; the Hon. C. S. CONGER, Judge, presiding.

Two objections are made to the service in this case,—that the notice was not signed by any one, and no summons was issued and returned. *Jacobus* v. *Smith,* 14 Ill. 359.

The court erred in entering a personal judgment against Cloyd for costs, and awarding execution. Jurisdiction is acquired in one of two modes: First, as against the person

of the defendant, by the service of process; or, second, by a procedure against the property of the defendant within the jurisdiction of the court. In the latter case the defendant is not bound by the judgment beyond the property in question. *Boswell's Lessees* v. *Otis*, 9 How. 348; *Galpin* v. *Page*, 18 Wall. 350; *Pennoyer* v. *Neff*, 95 U. S. 714; *Harkness* v. *Hyde*, 98 Ill. 476; *Smith* v. *Woodfolk*, 115 U. S. 149.

The finding of the court as to jurisdictional facts is conclusive only in collateral proceedings. In a direct proceeding to reverse, the jurisdiction must appear from the record itself. *Harris* v. *Lester*, 80 Ill. 317; *Swearingen* v. *Gulick*, 67 id. 211.

The notice is distinct from the bill. It can not be contained in the bill, and it must be after the suit is brought, and that is brought by the bill.

Mr. H. TOMPKINS, for the defendant in error:

The supplemental abstract shows that the court below found, as a matter of fact, and so recited in its decree, the issue of a summons against the defendant, and its return of "not found."

The notice was made a part of the bill, and served as a part of the bill. Being attached to the bill, it became a part of it, and the bill being signed, it was, in effect, the same as if the notice was signed.

There is a marked distinction between a service by copy of bill and notice, and that by publication. The legislature has made the first mode of service as conclusive as if by summons. Chancery Code, secs. 14, 12, 19.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought in the circuit court of Wayne county, by William Trotter, against James C. Cloyd, and was to remove a cloud from the title to property which complainant claimed to own. A decree was rendered in accordance with the prayer of the bill, and as the title to the

property is involved, defendant brings the case directly to this court on error, as he is authorized by law to do. ·

No question is raised on the bill, and the assignment of errors does not make any discussion of the merits of the case necessary. Defendant is a non-resident of the State of Illinois, and the service upon him was by a service of a copy of the bill upon him, at his residence in the city of New York. It is objected, the service was insufficient, and as there was no appearance by defendant, or by any solicitor for him, the court had no jurisdiction to render the decree it did. Section 14 of the Chancery act, (Rev. Stat. 1874, p. 200,) provides: "The complainant may cause a copy of the bill, together with a notice of the commencement of the suit, to be delivered to any defendant residing or being without this State, not less than thirty days previous to the commencement of the term at which such defendant is required to appear, which service, when proved to the satisfaction of the court, shall be as effectual as if such service had been made in the usual form within the limits of this State."

The point is made against the sufficiency of the service in this case, that the notice of the commencement of the suit was not signed, either by complainant, or any solicitor for him. The statute does not, in terms, require the notice to be served shall be signed either by complainant or his solicitor, but the better practice, no doubt, is, that it should be signed. In this case the notice was attached to the bill, and may be treated as a part of it, and as the bill was signed by the solicitor of complainant, that is thought to be sufficient, and especially when considered in connection with the affidavit of the party making the service, wherein it is alleged he "served a copy of the within bill and notice of the commencement of the suit, upon" defendant. In this respect the notice is sufficient.

It is further objected, no summons was issued for defendant, and no effort made to obtain personal service upon him.

Here, again, the statute is silent. It is not provided summons shall be issued, and returned not found, before a defendant residing or being without the limits of this State may be served with a copy of the bill filed against him, and of a notice of the commencement of the suit. But if the statute did require the issuing and return of a summons, it is thought this record does show a summons was issued, and returned not found, as to defendant, before the copy of the bill was served upon him. The question of jurisdiction is always a preliminary one, and the court, in this case, found, by its decree, it appeared "to the court a summons had been issued against defendant, and returned not found." There is nothing in the record itself that contradicts this finding of the court, and it must therefore be regarded as having been correctly found. No summons is found in the record for defendant. The clerk recites that the *only* summons found among the papers of the case, is one for J. B. Cornell, at the suit of William Trotter. Cornell is not a party to this suit in any way. There is nothing whatever to show the summons transcribed into the record was issued in this case, or that it was before the court when it found, as it did, that "a summons had been issued against defendant, and returned not found." It may be that a summons for defendant was issued, and lost from the files. How that may be, of course does not appear, but it is certain there is nothing to show the court found incorrectly on this jurisdictional question.

The third error of the series, viz., the court erred in entering a personal judgment against defendant for costs, and in awarding execution against him for the collection of the same, seems to be well assigned. There was no appearance in the court below, either by defendant, or any solicitor for him, and it is not perceived how that court obtained jurisdiction of his person so as to render a personal decree against him, for costs or otherwise, and to award execution against him as for the collection of a personal money decree. So far as the property

situated within the jurisdiction of the court is involved, the court had jurisdiction to decree concerning it, and defendant, and all parties claiming through or under him, would be bound. But that fact gave no jurisdiction to the court to render a personal money decree against him, as the court might do if defendant had been within its jurisdiction. It affirmatively appears in this case, defendant resided in another State. Treating the service by copy of the bill, and notice of the commencement of the suit, as effectual "as if such service had been made in the usual form within the limits of this State," as the Statute provides shall be done, still such service does not confer jurisdiction on the court, of the person of defendant, so as to enable it to render a personal money decree against him, to be collected by execution. No one will insist the court could send its process out of the State, and by proof of service within a foreign State acquire jurisdiction over the person of defendant, so as to render a personal money decree against him. It is so obvious it need not be stated, that persons residing or being without the limits of this State can not be subjected to the jurisdiction of the local courts by the service of process or other service upon them at the place of their domicil.

The decree of the circuit court, so far as it adjudged costs against defendant, and awarded execution for the collection of the same, will be reversed in this court, but in all other respects it will be affirmed; and as he ought, on account of the wrongful conduct alleged against him in the bill, to pay such costs, plaintiff in error will be required to pay all costs in this case in this court.

*Decree reversed in part and in part affirmed.*

MAGRUDER and CRAIG, JJ., dissent from so much of the foregoing opinion as reverses the judgment for costs.