MILTON T. AMES *et al.*

*v.*

CORINTHA A. HOLMES *et al.*

*Opinion filed June 19, 1901.*

190    561
d194 ³398
190    561·
107a ²122

1. PLEADING—*decree pro confesso does not conclude defendant as to legal conclusions.* While a decree *pro confesso* concludes the defendant as to all matters of fact properly alleged in the bill, yet he can not be held to have confessed all matters of law so alleged.

2. APPEALS AND ERRORS—*right of defendant to question decree pro confesso on error.* If a bill for partition, which sets forth and relies upon a will as a basis of the suit, fails, upon its face, to support the decree, the defaulted defendant may question that decree upon writ of error.

3. WILLS—*heir cannot be disinherited as to intestate property.* Although a testator clearly manifests an intention to exclude a prospective heir from all interest in his estate other than such as is given him, yet he cannot disinherit him as to his other property unless he devise the same to some one else.

WRIT OF ERROR to the Circuit Court of Carroll county; the Hon. JAMES S. BAUME, Judge, presiding.

RALPH E. EATON, for plaintiff in error Mulnix.

GEORGE L. HOFFMAN, for defendants in error.

DOUGLAS ALLEMAN, guardian *ad litem,* for minor defendants.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a writ of error to reverse a decree in a proceeding for partition rendered in the circuit court of Carroll county.

Eli R. Mulnix, the ancestor whose lands are sought to be partitioned, died testate on January 25, 1899, leaving Mahlon D. Mulnix, his son, who is plaintiff in error here, and others, his only heirs-at-law. By his will the testa-

tor disposed of only a part of his estate. The will, or so much of it as is involved in this controversy, is as follows:

"*First*—It is my will that my funeral expenses and all my just debts shall be fully paid.

"*Second*—After the payment of my just debts and funeral expenses I give and bequeath to Desdemona Mulnix, my beloved wife, to have the use of the same, the following described, to-wit: Lots numbers one and two (1 and 2) of the north-west fractional quarter of section one (1) east of the right of way of the Chicago, Milwaukee and St. Paul railroad, containing about 66⅓ ac.; also all the south-west quarter of section one (1) east of the Chicago, Milwaukee and St. Paul railroad, containing about 50 acres more or less; also the south-west quarter of the south-east quarter of section one (1),—all the above described lands in township number twenty-three (23), north, range number three (3), east of the fourth principal meridian, in Carroll county, Illinois, containing, in the aggregate, 156½ acres, more or less. It is my desire that my wife, Desdemona Mulnix, have the use of the said land during her natural life, and after the death of my said wife it is my will that my son, Mahlon D. Mulnix, is to have said above described land during his life, and after his death it shall go to his children, (not to any adopted child or children,) and should he have none, then it is my wish that the above described lands be sold and proceeds equally divided, share and share alike, among my children and their issue.

"*Third*—It is my wish that my son, Mahlon D. Mulnix, is not to have any more out of my estate than the land described, as I consider it his share out of my estate, both real and personal."

At the time of his death the testator owned about 600 acres of land in Carroll county, including the part devised by his will. Complainants below, who are the defendants in error here, filed this bill for partition, alleging the ownership of the lands, the death of the tes-

tator, the making and probating of the above will, and averring that Mahlon D. Mulnix, by reason of the said will, has no interest in the estate of the father except that given to him by the will, and praying for a partition of the other lands among the other heirs of the testator. The will is attached to the bill and made a part thereof. Mahlon D. Mulnix failing to file an answer to the bill, was defaulted, and a decree *pro confesso* was entered as to him. Upon the hearing a decree was rendered according to the prayer of the bill.

Plaintiff in error Mahlon D. Mulnix questions the correctness of the decree upon the ground that it erroneously finds he has no interest in the estate of his father except such as was devised to him, his contention being, that he is entitled to a full share of all the estate of the testator not disposed of by the will. The defendants in error, before answering this contention, urge that because the bill for partition alleged that Mahlon D. Mulnix had no interest in the land in question, and because a decree *pro confesso* was entered against him, he cannot now be heard to question the correctness of the decree.

While a decree *pro confesso* concludes the defendant against whom it is entered as to all matters of fact properly alleged in the bill, it does not follow that he must be held to have confessed all matters of law so alleged. The bill in this case undertakes to set forth the rights of the parties as they arise under the will, and the will is set forth in full; but the allegation that Mahlon D. Mulnix "has no right, title or interest" in the land sought to be partitioned is not the averment of a fact, but the statement of a legal conclusion on the part of the pleader. As said in *Monarch Brewing Co.* v. *Wolford*, 179 Ill. 252: "It is a well settled rule that a defendant to a bill in chancery, where a default and decree *pro confesso* have been entered, may, on error, contest the sufficiency of the bill itself or that its averments do not justify the decree,"— citing numerous cases. If this bill, therefore, which sets

forth and relies upon the will as the basis of the suit for partition, upon its face fails to support the decree, the defaulted defendant may question that decree upon writ of error. Under this rule it cannot be said the facts alleged in the bill, although confessed, justified the decree. This brings us to a discussion of the merits of the case, and involves a construction of the will.

It is contended, by reason of the language of the third clause, wherein the testator expressed it as his wish that Mahlon D. Mulnix have no more out of his estate than that which was devised to him, "as I consider it his share out of my estate, both real and personal," it was clearly the intention to disinherit Mahlon D. Mulnix as to the other land not disposed of by the will. Conceding the testator so expressed his intention, yet he made no disposition of the property sought to be partitioned in this case. It is well settled that although a testator clearly manifests an intention to exclude a prospective heir from all interest in his estate other than such as is given him, yet he cannot disinherit him as to his other property unless he devise such other property to some one else. (*Parsons* v. *Millar*, 189 Ill. 107, and cases cited.) The lands involved in this proceeding, under the will descended generally to the heirs of testator as intestate property.

The decree of the circuit court cutting off Mahlon D. Mulnix from sharing in the intestate property of his father's estate was clearly erroneous, and as the bill did not justify the decree, the plaintiff in error may properly question its correctness in this proceeding.

The decree of the circuit court will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*