LEVI E. WILLIAMS

*v.*

CHARLES M. WILLIAMS.

*Opinion filed April 17, 1906—Rehearing denied June 7, 1906.*

1. PROCESS—*notice and copy of bill are to be treated as one instrument.* The notice of the commencement of a chancery suit and the copy of the bill to which the notice is attached are to be considered as one instrument, and the fact that the term at which the defendant is to appear is not stated in the notice does not render service thereof insufficient, if the term of court appears from the attached copy of the bill.

2. SAME—*service thirty days prior to term at which default is entered is sufficient.* Service of a notice and copy of the bill less

than thirty days before the term at which the defendant is required to appear does not preclude the acquiring of jurisdiction where default is not entered until the term following the one at which the defendant was required to appear, the beginning of which is more than thirty days from the time the notice and copy were served.

3. AFFIDAVITS—*what sufficient proof of authority to administer oaths.* The certificate of the clerk of a court of record in a foreign State, under his official seal and attached to the jurat of a justice of the peace residing in the county, stating that the justice was authorized to take acknowledgments and administer oaths, is sufficient proof of his authority to administer the oath to a person making affidavit of service of notice.

4. JURISDICTION—*when personal service is not necessary.* Personal service upon a non-resident partner in a suit for an accounting of partnership property is not essential to the jurisdiction of the court to require a conveyance to complainant of one-half of the real estate belonging to the partnership in this State and that the amount found due complainant should be made out of the remaining half of such real estate belonging to the defendant.

5. APPEALS AND ERRORS—*when sufficiency of evidence cannot be questioned.* The competency or sufficiency of the evidence to sustain a decree *pro confesso* entered by default cannot be questioned on appeal, where the allegations of the bill are sufficient to warrant the relief prayed and decreed and the defendant failed to except to the master's report.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

The complainant filed a bill in chancery in the superior court of Cook county against the defendant for the adjustment of a partnership account alleged to remain unsettled between them, and to require the defendant to convey to him the undivided one-half of certain real estate situated in Cook county, alleged to belong to the co-partnership, the title of which was in the defendant. Service was had upon the defendant, who was a non-resident, by delivering to him a notice of the commencement of the suit and a copy of the bill, and the defendant not appearing, he was defaulted and the bill was taken as confessed as to him, and the cause was

referred to a master to take the proofs and report his conclu-
sions. The master filed a report, in which he found that the
complainant and defendant formed a co-partnership on the
20th day of April, 1901, which was terminated on the first
day of September, 1904, for the purpose of engaging in the
sale and exchange of real estate, their agreement being that
in each and every transaction in which real estate was con-
veyed through the agency of said co-partners, either by sale
or exchange, or both, each of the partners should be entitled
to and should receive as his share of the commissions for his
services, one-half of the whole amount of the commissions
earned by both parties, except on such deals as might involve
the separate property of the defendant, and as to those deals
the complainant was to receive as his commissions such
amount as should especially be agreed upon between the par-
ties; that the complainant and defendant made numerous
sales and exchanges of real estate and earned a large amount
as commissions; that the defendant held the title to one hun-
dred and eight unimproved lots situated in the county of
Cook, which had been earned by the co-partners as commis-
sions, in trust for the co-partners, and that the co-partners
had earned the sum of $6700 as commissions which were in
the hands of the defendant, one-half of which should be paid
by him to the complainant, and recommended that the court
enter a decree directing the defendant to convey the undi-
vided one-half interest in said lots to the complainant and
pay to the complainant the sum of $3350 in cash. The report
of the master was approved, and the court entered a decree
that the defendant convey to the complainant an undivided
one-half interest in said lots within five days, and that in de-
fault the master execute said conveyance, and found there
was due the complainant the sum of $3350 from the defend-
ant, and ordered the defendant to pay that sum to the com-
plainant, and in default that execution issue therefor, and
that the undivided one-half interest remaining in the defend-
ant in said lots be sold to satisfy said decree.

DOLPH, BUELL & ABBEY, and JOHN T. DALE, for plaintiff in error.

JAMES C. HOOD, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

It is first contended that the service upon the defendant is not sufficient, in this: that the notice of the commencement of suit served upon the defendant did not state the term of court at which he was to appear and defend. The notice which was served upon the defendant was attached to a copy of the bill, and the bill recited the suit was commenced to the November term of the superior court, and asked that the defendant be summoned to appear at that term and defend, etc. The notice and copy of the bill formed but one instrument, and the law required them to be considered together, and not separately, and if, from a consideration of both the notice and the copy of the bill, the term of court at which the defendant was required to appear and defend was clearly apparent that was sufficient. In *Cloyd* v. *Trotter,* 118 Ill. 391, the defendant was served by a notice of the commencement of suit and a copy of the bill, and the point was made that as the notice was not signed, the court, by the service of such notice and the copy of the bill, did not acquire jurisdiction. It was held, however, that as the notice was attached to a copy of the bill and the bill was signed, that was sufficient, as the notice and copy of the bill were properly treated as one instrument.

It is also said the notice and copy of the bill were not served on the defendant thirty days before the first day of the November term, and for that reason the court did not acquire jurisdiction. A default was not entered against the defendant until the December term, and he was served by notice and copy of the bill more than thirty days prior to the first day of that term. Section 16 of the Chancery Code pro-

vides: "Every defendant who shall be summoned, served with a copy of the bill or petition, or notified as required in this act, shall be held to except, demur, plead or answer on the return day of the summons; or if the summons is not served ten days before the first day of the term at which it is returnable, by the first day of the next term; or in case of service by copy of the bill, or by notice, at the expiration of the time required to be given, or within such further time as may be granted by the court; or, in default thereof, the bill may be taken as confessed." More than thirty days intervened between the time of the service of the notice and copy of the bill upon the defendant and the first day of the term at which the default was entered. A sufficient length of time therefore intervened between the date of service and the date of default, and the court had jurisdiction and was authorized to proceed with the suit.

It is further urged that it does not appear that the affidavit proving the service of notice and copy of bill was sworn to before an officer authorized to administer oaths. The affidavit was sworn to before a justice of the peace in the State of Virginia, and the clerk of the circuit court of the county in which said justice resided attached his certificate, under his official seal, to the *jurat* of the justice, that the justice was authorized to take acknowledgments and administer oaths. The certificate of the circuit clerk was sufficient proof of the authority of the justice to administer oaths, and the affidavit of proof of service was sufficient. *Desnoyers Shoe Co.* v. *First Nat. Bank,* 188 Ill. 312.

It is next contended that the superior court, for the want of personal service upon the defendant, was without jurisdiction to require the defendant to convey the undivided one-half of said lots to the complainant and to enter a personal decree against the defendant for the amount found due the complainant. The property of the co-partners was located in this State, and the court had ample authority to deal with that property. The effect of the decree was to require

221—35

.the conveyance of one-half of the lots belonging to the partnership to the complainant, and to direct that the amount found due the complainant should be made out of the undivided one-half of said lots the title of which remained in the defendant. While the court was powerless to enter a personal decree against the defendant, it had power to deal with the partnership property situated in this State. The decree was not void, therefore, for want of jurisdiction. In *Cloyd* v. *Trotter, supra,* which was a bill in chancery to remove a cloud from the title of real estate, on page 394, the court said: "There was no appearance in the court below, either by defendant or any solicitor for him, and it is not perceived how that court obtained jurisdiction of his person so as to render a personal decree against him. * * * So far as the property situated within the jurisdiction of the court is involved, the court had jurisdiction to decree concerning it, and defendant, and all parties claiming through or under him, would be bound."

It is lastly said that the proof is not sufficient to sustain the decree. The allegations of the bill were sufficient to authorize the court to grant the relief prayed for and which was granted by its decree, and the defendant being in default and having failed to except to the master's report, and a decree *pro confesso* having been entered against him, he is precluded from questioning the competency or sufficiency of the evidence to support the decree. *Roby* v. *Chicago Title and Trust Co.* 194 Ill. 228; *Dunfee* v. *Mutual Building and Loan Ass. of Chicago,* 206 id. 133.

Finding no reversible error in this record the decree of the superior court will be affirmed.        *Decree affirmed.*