## Hans A. Leafgreen v. Julia Leafgreen.

### Gen. No. 12,476.

1. PLACITA—*when not required for each term.* One placita, that for the term of judgment, is sufficient to show the legal organization of the court which has heard and determined a case sought to be reviewed.

2. SEPARATE MAINTENANCE—*Superior Court of Cook County has jurisdiction of proceeding for.* Concurrently with the Circuit Court, the Superior Court of Cook County has jurisdiction to hear and determine a separate maintenance proceeding.

3. SEPARATE MAINTENANCE—*custody of children may be disposed of in proceeding for.* In a proceeding for separate maintenance it is within the power and jurisdiction of the court to dispose of the custody of the children of the parties litigant.

4. ALIMONY—*decree for, may be made a lien on real estate.* Not by

Leafgreen v. Leafgreen.

virtue of the provisions of the Divorce Act, but by reason of the Chancery Code, the chancellor is empowered to make the payment of alimony a lien upon the real estate of the husband.

5.   FINDINGS OF FACT—*when will not be disturbed.*  Where the testimony is conflicting a court of review will not disturb the finding of the chancellor upon a question of fact, unless it is clearly apparent that the chancellor has committed error.

6.   SOLICITOR'S FEES—*allowance for, should be made to wife.*  A decree allowing solicitor's fees should be made in favor of the wife and not in favor of her solicitor.

Separate maintenance proceeding.   Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1905.   Affirmed. Opinion filed May 29, 1906.

HARRY L. IRWIN and JOHN F. GEETING for appellant.

VAIL & PAIN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Appellee filed in the Superior Court her bill for separate maintenance against appellant.   The defendant answered the bill and also filed a cross-bill for divorce on the ground of adultery, to which the defendant thereto filed an answer.   Replications were filed to said answers, and upon the hearing a decree was entered for the complainant in the original bill, by which defendant was ordered to pay to her $83 per month, making such decree a lien on the interest of defendant in certain real estate in Cook county; awarding to complainant the custody of the son of said parties; ordering the defendant "to pay to complainant or her solicitor $200 as and for a solicitor's fee;" dismissing the cross-bill for want of equity, and the defendant appealed.   The decree was entered at the April term, 1905, and recites that the evidence was heard at the March term. There is in the record a *placita* of the April term showing that the decree was entered by the judge who signed the certificate of evidence, but none of the March term, and appellant contends that because there is in the record no *placita* of the March term, at which the evidence was heard, the decree must be reversed.   In the cases cited in

support of this contention (Planing Mill, etc., Co. v. Chicago, 56 Ill. 304; Keller v. Brickley, 63 ib. 496; St. Louis, etc., R. R. Co. v. Goodall, 43 Ill. App. 234) there was in the record no *placita*, and it was held that the judgment was invalid, because it did not appear that there was a court properly organized by which a lawful judgment could be rendered.

The usual practice in this state, so far as we are advised, is to insert in the transcript of the record of a judgment or decree on appeal or writ of error, the *placita* of the term at which the judgment was rendered or decree entered, and we know of no case that holds that a *placita* of each term at which proceedings in a cause were had, or an order entered, must be inserted in the transcript.

The statute provides that a bill for separate maintenance may be filed in the Circuit Court, and this bill was filed in the Superior Court of Cook County. It is settled in this state that the Superior Court of Cook County is, in legal effect, a Circuit Court. C. & N. W. Ry. Co. v. C. & E. I. R. R. Co., 112 Ill. 589–597, and cases there cited.

It is insisted that the court erred in making the decree a lien on the interest of the defendant in certain real estate. All liens are statutory, and the power to create them is derived from the statute. The power to make a decree for alimony in a divorce case a lien on real estate is not derived from section 20 of the Divorce Act, but from sections 44 and 45 of the Chancery Act, which are as follows:

44. "A decree for money shall be a lien on the lands and tenements of the party against whom it is entered, to the same extent and under the same limitations as a judgment at law."

45. "All decrees given in causes in equity in this state shall be a lien on all real estate respecting which such decree shall be made; and whenever, by any decree, any party to a suit in equity shall be required to perform any act other than the payment of money, or to refrain from performing any act, the court may, in such decree, order that the same shall be a lien upon the real or personal estate, or both, of

such party until such decree shall be fully complied with; and such lien shall have the same force and effect, and be subject to the same limitations and restrictions as judgments at law."

Sections 44 and 45 of the present Chancery Act are sections 14 and 45 of the Chancery Act R. S. 1845, re-enacted without change.

Section 20 of the Divorce Act was first enacted in 1859 and is as follows:

"Whenever, in any case of divorce, a decree for alimony or maintenance is made a lien on any real estate to secure the payment of any money to become due by installments, and a sale of such real estate shall become necessary to satisfy any of such installments, the property shall be sold subject to the lien of the installments not then due, unless the court shall at the time direct otherwise, and subsequent sales may, from time to time, be made to enforce such lien as the installments may become due, until all installments are paid."

This section does not confer upon the court the power to make a decree for alimony in a divorce case a lien on the real estate of the defendant. It only relates to the procedure to enforce such a decree. Nor is that power conferred by section 18 of the Divorce Act, which was section 6 of the Divorce Act in the Revision of 1845, giving to the Circuit Court the power to "enforce payment of alimony by causing the defendant to give security for the payment thereof, or in any other manner consistent with the rules and practice of the court." In Sapp v. Wightman, 103 Ill. 150–157, this section was quoted, and speaking of it the court say: "This general power means no more than that resort may be had to the known modes, under the rules and practice of the court of chancery, of enforcing obedience to writs, orders and decrees, as, sequestration, attachment for contempt, etc., or the statutory method of creating a lien on lands within the court's jurisdiction." The statutory method referred to in the opinion is that provided by sections 14 and 45 of the Chancery Act of 1845, which,

as has been said, are identical with sections 44 and 45 of the present Chancery Act.

In so far as the decree in this case is a decree for money, it is a lien on the real estate of the defendant in Cook county under section 44 of the Chancery Act. In so far as it is not a decree for money, the power to make it a lien on such real estate is conferred by section 45 of the Chancery Act. It is those sections of the Chancery Act and not any section of the Divorce Act that confer upon courts in divorce cases the power to make decrees for alimony liens on the real estate of the defendant. Sapp v. Wightman, *supra*. That power is the same as to a decree for maintenance in a suit for separate maintenance as it is as to a decree for alimony in a suit for divorce.

The contention that the court had no power to make an order for the custody and maintenance of the children cannot be sustained. Harding v. Harding, 144 Ill. 588; Same v. Same, 180 ib. 506.

We shall not discuss the evidence in detail. Complainant's testimony supports the allegations of her bill and the finding of the decree that she was living separate and apart from her husband without her fault.

Defendant introduced evidence tending to show that on one or more occasions she was intoxicated, and she in rebuttal introduced testimony tending to contradict such testimony. He also introduced a witness who testified that he had committed adultery with complainant, and other witnesses who testified that they were connected with an assignation house and saw said witness take complainant to a room in such house on different occasions. Complainant in rebuttal contradicted in all material particulars the testimony tending to show that she was guilty of adultery or other improper conduct.

The chancellor saw and heard the witnesses. He believed the testimony of complainant and her witnesses and did not believe the testimony of the defendant and his witnesses. "The rule in this state is, that where testimony is conflicting, as in this case, a court of review will not dis-

turb the finding of the chancellor upon a question of fact, unless it is clearly apparent the chancellor has committed error." Amos v. Amer. T. & S. Bank, 221 Ill. 100–105. We think the chancellor properly found that the complainant was not guilty of adultery or of the other improper conduct charged against her, and that she was living separate and apart from her husband without her fault; and that the amount allowed her by the decree for her maintenance cannot be held excessive.

The decree orders that defendant " pay to complainant or her solicitor $200 as and for a solicitor's fee," and it is contended that the allowance should have been made to the complainant alone.    This may be conceded, but we do not think the decree should for that reason be reversed. Armstrong v. Armstrong, 35 Ill. 109.

The decree of the Superior Court will be affirmed.

*Affirmed.*