Stella Cory, Appellee, v. Walter P. Cory et al. United
States Fire Insurance Company, Appellant.

Opinion filed June 1,
1928.

ELWYN R. SHAW, for appellant; KENNETH E. PEARCE,
of counsel.

294

Conger & Elliott, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Stella Cory filed a bill against her husband and appellant in which she averred that her husband deserted her and has been continuously absent from her since December 20, 1925, without her fault and that since April, 1926, he has refused to provide for her; that he is an able-bodied man and capable of earning $150 per month.

The bill avers that when her husband deserted her he left her with certain live stock and household furniture, which was insured under policy No. 48857 of appellant on September 9, 1923, and that on March 26, 1927, a fire occurred and appellant became liable to pay the loss to the owner of the policy, as had been taken out in the name of her said husband. The bill prayed that she may, by order of court, have assigned to her, in lieu of a money judgment for alimony, the legal title to said policy of insurance in order that she may be enabled to collect the same by agreement with appellant, to the end that appellant may bring said money into court and there abide the order of the court as to its disposition.

It appears that the husband was a nonresident at the time of the filing of the bill and was served by publication. Appellant was duly served and demurred to the bill. The demurrer was overruled and appellant elected to abide by its demurrer.

The decree found that the husband deserted his wife and has been continuously absent since December 20, 1925, without the fault of the wife and that he has failed to provide in any manner for her and that he is capable of earning $150 per month; that he had turned over to his wife the household furniture and personal property on the farm insured under the policy aforesaid, and also the said policy of insurance; that the

wife was and is the equitable owner of said property before it burned and also was the owner of the policy; that she is in possession of the policy and brings it into court and is entitled to the legal title thereof; that on March 26, 1927, the said property was destroyed by fire; that upon the making of due proof of loss an adjuster was sent by appellant to adjust the same and that he then and there assessed the value of the insured property destroyed by fire at the sum of $690; that the said sum, now in the hands of appellant, in equity and good conscience belongs to the wife and should be paid to her; that the court has jurisdiction of the title to the policy and has the power to change the same to the wife, and that in order to do complete justice and avoid a multiplicity of suits it has the power to enforce its payment in this cause.

The decree then orders and directs that the complainant have the legal title to said policy of insurance and that the interest of her husband in the same be canceled and held for naught; that appellant be decreed to pay to complainant the sum of $690 and the costs of suit.

It will be observed that the bill of complainant did not state a cause of action against appellant and did not pray for a money decree against it. The bill did not aver that the policy of insurance was in force at the time of the fire or that the property in question was destroyed by fire, or that proofs of loss were furnished within the time required. The case was tried before the court without being referred to a master. What purports to be a certificate of evidence is signed by the court reporter but not by the judge who tried the cause. The case is in the same position as if the purported certificate of evidence was not in the transcript. In fact, it has no proper place in the record because of the fact that it was not signed by the judge.

In chancery cases the burden is upon the party in whose favor a decree granting affirmative relief is

entered to preserve in the record the evidence upon which the decree is based, which may be done by a certificate of evidence taken on the hearing, by the evidence reported by the master, by facts recited in the decree, or by depositions taken and filed in the cause. *Van Meter v. Malchef,* 276 Ill. 451; *Ryan v. Sanford,* 133 Ill. 291.

The decree contains findings of alleged facts not averred in the bill of complaint and grants relief which the complainant was not entitled to under the averments of her bill. The allegations of a bill, the proof and the decree must correspond, and the decree cannot give relief which the facts disclosed by the evidence would warrant where there are no averments in the bill to which the evidence can apply. *Kelly v. Kelly,* 293 Ill. 169.

Appellant contends that the court erred in entering any judgment or decree against it without first having obtained jurisdiction over the person of Walter P. Cory; that the situs of the alleged debt due from appellant to the said Walter P. Cory was in the State of Missouri where Cory resided. While a purely personal decree awarding alimony against a nonresident defendant who is notified of the proceeding by publication and who does not appear is not binding upon him, the proceeding will partake of the nature of a proceeding in rem where the complainant describes property of the defendant within the court's jurisdiction and prays that alimony and solicitor's fees be made a lien on said property, and the decree may provide that in the event of the defendant's failure to pay the sum fixed for alimony and solicitor's fees within a stated time the property shall be sold to satisfy the decree. *Wilson v. Smart,* 324 Ill. 276. In that case the court was dealing with real estate within the jurisdiction of the court.

We see no reason why a court of equity may not reach a debt due a nonresident defendant and subject

it to the payment of alimony under a proper bill where the court has jurisdiction over the party who owes the debt. Where a court of law has jurisdiction over a garnishee who is indebted to a nonresident, a judgment may be rendered against the garnishee. The situs of a debt is not material in such cases. *Lancashire Ins. v. Corbetts*, 165 Ill. 592.

We are of the opinion that if there is a debt due from appellant to Walter P. Cory it may be reached under a bill containing proper averments which would give the court jurisdiction. Without stating what those averments should be, we would call attention to the following cases: *Cox v. Cox*, 192 Ill. App. 286; *Forrester v. Forrester*, 155 Ga. 722, 29 A. L. R. 1363 and note 1381; *Pennington v. Fourth Nat. Bank of Cincinnati, Ohio*, 243 U. S. 269, L. R. A. 1917 F 1159.

In addition to the averments referred to in the cases above cited, and in the cases referred to in the note mentioned, the bill should contain proper averments to make a case in favor of Walter P. Cory against appellant the same as if he were suing on the policy. The present is wholly insufficient to state a case against appellant or to give the court jurisdiction over the money alleged to be due from appellant to Walter P. Cory. The court erred in overruling the demurrer and the decree is reversed and the cause remanded.

*Reversed and remanded.*