(No. 19476.—

MAGGIE ROLINITIS, Defendant in Error, *vs.* CHARLES ROLINITIS, Plaintiff in Error.

*Opinion filed June 19, 1929.*

R. E. SMITH, for plaintiff in error.

JOHN E. CARR, and ROY C. MARTIN, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Upon a bill of complaint filed by defendant in error, Maggie Rolinitis, against plaintiff in error, Charles Rolinitis, the city court of West Frankfort entered a decree of divorce and by the decree fixed the property rights of the parties in several pieces of property. The record of the cause is now before this court for review on writ of error.

The evidence is not preserved by a certificate of the evidence but the decree is sufficiently supported by findings of fact contained therein. As to the portion of the decree granting a divorce it is said in plaintiff in error's brief: "The evidence not being preserved, the finding of the court as to the extreme and repeated cruelty will be presumed to be correct, and unless the court finds that a re-trial of the whole cause is necessary to do complete justice between

the parties we are aware that the errors assigned are not sufficient to reverse the decree of divorce."

It is contended by plaintiff in error that the portion of the decree which fixes the property rights is not supported by any allegations contained in the bill of complaint. The only allegation in the bill as to the real estate of the parties is with reference to lot 5 in block 1 of J. K. Deering's First addition to the city of West Frankfort, as to which piece of property it is alleged that the complainant was the owner thereof prior to her marriage with the defendant, and that since the marriage, while under duress by threats of violence on the part of the defendant and through fraud and deceit, she conveyed to the defendant an undivided half interest in the property without receiving any consideration whatever for the conveyance, and that in equity she is the sole and unconditional owner thereof. No other real estate is mentioned in the bill. By the decree defendant in error is adjudged to be the sole and unconditional owner of two pieces of property in Centralia, Illinois, one piece in Oglesby, Illinois, and a lot in St. Louis, Missouri. The decree also adjudged plaintiff in error to be the sole and unconditional owner of two lots in Orient, Illinois. The bill contains no allegations which would lay any foundation for the decree as to these six pieces of property. Under section 17 of the Divorce act the court may compel a conveyance of property held by one party and belonging to the other upon such terms as it shall deem equitable, but such relief can be obtained only by proper allegations in the bill. Relief can be granted only in accordance with the allegations of the bill, sustained by proof. A decree cannot be rendered upon facts shown by the evidence which would warrant relief unless those facts are alleged in the bill. (*Lewis* v. *Lewis,* 316 Ill. 447; *Meyer* v. *Meyer,* 255 id. 436; *Higgins* v. *Higgins,* 219 id. 146.) The decree was erroneous in fixing the property rights of the parties in these six pieces of property.

In plaintiff in error's answer he set up that prior to the marriage he advanced to defendant in error the sum of $3000 and that she delivered to him a promissory note therefor, and that to secure the note she executed and delivered to him a mortgage on lot 5 in block 1 of J. K. Deering's First addition to the city of West Frankfort; that no part of such sum has ever been paid, and that the deed of the one-half interest of these premises made by her to him was made subject to that mortgage. In the decree the court found from the evidence that defendant in error at the time of her marriage was, and is now, the sole owner in fee simple of lot 5; that the note for $3000 given by defendant in error to plaintiff in error, and the mortgage on lot 5 given to secure the note, were executed and delivered without any valuable consideration, and that such execution and delivery were obtained by duress, fraud, misrepresentation and undue influence, and that they were of no force or legal effect and should be canceled by the court. The decree contained like findings as to the deed for an undivided half interest given by defendant in error to plaintiff in error. By the decree defendant in error was adjudged to be the sole and unconditional owner of lot 5, and the note, mortgage and deed were ordered canceled. It is contended by plaintiff in error that there are no allegations in the bill of complaint which would authorize this portion of the decree. In her bill of complaint defendant in error alleged that she was the sole and unconditional owner of lot 5. By his answer plaintiff in error claimed ownership of an undivided one-half interest in the lot and also a mortgage lien of $3000. The title and interest of the respective parties in the lot were put in issue by the pleadings, and a sufficient basis is found therein to support the findings of fact in the decree, which, in turn, were sufficient to authorize the court in adjudging that defendant in error was the sole, unconditional owner of lot 5 and to authorize the order canceling the instruments which were inconsistent with such

sole, unconditional ownership. There was no error in this portion of the decree or in that portion which dissolved the marital relations between the parties.

The portion of the decree relating to the properties not named in the bill of complaint will be reversed and the decree affirmed in all other respects.

*Affirmed in part and reversed in part.*