(No. 30891.—

BARBARA GLEISER, Appellee, *vs.* CHESTER A. GLEISER, Appellant.

*Opinion filed January 19, 1949.*

IRVING B. CAMPBELL, of Chicago, for appellant.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

This is an appeal by the defendant from an order of the superior court of Cook County denying defendant's petition to vacate that portion of a divorce decree which required the defendant to pay child support and attorney's fees although the record showed that there was no service of summons on the defendant in Illinois or any appearance by the defendant in said proceeding.

On October 14, 1947, the plaintiff filed her complaint for divorce, alleging desertion without just cause and that the defendant was capable of paying a reasonable sum for alimony and support and for her attorney's fees. Summons was duly served upon the defendant in Maryland, together with a copy of the complaint. On December 18, 1947, the cause was heard as a default matter and a decree for divorce was entered. The decree also awarded custody of a minor child to the plaintiff and provided that the defendant pay to the plaintiff $100 per month for child support and $250 as plaintiff's attorney's fees.

On January 26, 1948, leave was given the defendant to file a special appearance and a petition to vacate portions of the decree. Said petition alleges that the defendant is a resident of Baltimore, Maryland, and that he was not served with summons in Illinois, and that he did not appear or in any way submit to the jurisdiction of the court, and that the portion of the decree directing the defendant to make payments for support and for attorney's fees was void because the court was without jurisdiction over the person of the defendant. The petition asked that said portions be vacated and set aside.

The plaintiff answered the petition admitting that there was no personal service, but denying that the defendant was entitled to any relief. On June 11, 1948, the court entered an order denying the defendant's petition to vacate said

portions of the decree and on July 23, 1948, the defendant filed notice of appeal to this court.

Since there is no dispute over the facts and the only matter for decision is the validity of the portions of the decree directing payment of alimony and solicitor's fees where there has been no personal service, a denial of due process presenting a constitutional question is involved and, therefore, this court has jurisdiction. *Riverside Mills* v. *Menefee,* 237 U.S. 189; Restatement, Conflict of Laws, sec. 106, Comment (e) ; *Van Dyke* v. *Illinois Commercial Men's Ass'n,* 358 Ill. 458.

It has long been the established rule of this State that a decree requiring the payment of alimony, child support or attorney's fees is a decree *in personam.* (*Proctor* v. *Proctor,* 215 Ill. 275; *Cloyd* v. *Trotter,* 118 Ill. 391.) In the case of *Kelley* v. *Kelley,* 317 Ill. 104, it was held that the portion of the decree allowing alimony and solicitor's fees to the plaintiff, where there had been no personal service on the defendant, was void, and that where subsequently the defendant came within the jurisdiction of the court there was no power in a supplemental proceeding to make a new allowance of alimony and solicitor's fees. We conclude that the portions of the decree appealed from in the case at bar, which provided for solicitor's fees and support money, are void and should have been vacated.

Since these provisions of the decree were void they can be vacated even after the expiration of thirty days. (*Thayer* v. *Village of Downers Grove,* 369 Ill. 334.) But the provisions of the decree which are valid cannot be vacated after the expiration of thirty days and, therefore, that portion of the decree granting the plaintiff a divorce and granting her the custody of the minor child is valid even though the provisions for support, alimony and solicitor's fees are invalid. A similar situation was presented in the case of *Kelley* v. *Kelley,* and in that case we said, at page 108, "In the case at bar appellant took her decree of divorce with-

out personal service on appellee, and, under those circumstances, the chancellor was without power to award alimony. This was a voluntary act on her part, and by causing to be entered a final decree severing the marriage relation she placed it beyond the power of the courts to award alimony." We further said, at page 109 in the opinion, "The plaintiff was not obliged to take her decree under the circumstances, and having done so she waived her right to alimony and solicitor's fees. There being no order allowing alimony to appellant·when the decree for divorce was entered, there is no power now, on this supplemental proceeding, to make an original allowance."

The petition to vacate the void portions of the decree did not constitute a general appearance, and, therefore, the defendant did not submit himself to the jurisdiction of the court by making such motion. In view of the 1945 amendment to section 20 of the Civil Practice Act, (Ill. Rev. Stat. 1947, chap. 110, par. 144,) permitting special appearances either individually or by attorneys, the filing of the special appearance and a petition in this cause by the attorney for the defendant did not constitute a general appearance and submit him to the jurisdiction of the court.

For the reasons stated in this opinion, the order appealed from is reversed and the cause is remanded to the superior court, with directions to vacate that portion of the decree directing and requiring the defendant to pay the sum of $100 per month for the support of the minor child and directing the defendant to pay to the plaintiff the sum of $250 for her attorney's fees. Nothing in this opinion, however, is to be construed as in any way relieving the defendant of his legal obligation as a father to support his minor child nor shall this decision in any way prejudice any action which may be taken by the plaintiff herein to require said support.

*Reversed and remanded, with directions.*