(No. 33193.—

FAY M. FAILING, Appellee, vs. CHARLES K. FAILING,
Appellant.

*Opinion filed October 25, 1954.*

JOSEPH M. TAUSSIG, of Chicago, for appellant.

Mr. JUSTICE DAILY delivered the opinion of the court:

This appeal stems from a separate maintenance proceeding commenced in the circuit court of Cook County by appellee, Fay M. Failing, against her husband, Charles K. Failing, the appellant. The issue presented is whether the trial court had jurisdiction, within the State and Federal concepts of due process of law, to subject real property of appellant to a decree *in rem*. We have held such an issue as presented here to be a sufficient basis for a direct appeal. *Gleiser v. Gleiser*, 402 Ill. 343; *VanDyke* v. *Illinois Commercial Men's Assn*. 358 Ill. 458.

Among other things, appellee's complaint alleged the parties owned a residence at a certain address in Cook County as joint tenants. There was no legal description of the property; no allegation of special circumstances or equities pertaining to it; no prayer that a lien be established against appellant's interest therein, and no prayer for its seizure by way of injunction or other legal process. In short, the complaint alleged nothing to indicate that a proceeding against the real estate was contemplated. The prayer of the complaint was for a decree of separate maintenance, for temporary support and attorney fees, for an injunction restraining appellant from disbursing certain funds on deposit in a bank, and for general relief. Service was by publication, the notice stating that a decree would be entered against appellant in accordance with the prayer

of the complaint, and appellant was defaulted. Thereafter, appellee filed a petition for an award of temporary support and attorney fees and asked that the sums awarded be made a lien against appellant's interest in the real estate. The petition repeated the prayer for an injunction regarding the bank deposit and further asked that appellant be enjoined from disposing of his interest in the real estate. At this juncture, appellant filed a limited and special appearance for the sole purpose of questioning the court's jurisdiction "to enter any order not based upon the complaint because service was by publication." After a hearing, the court entered an order in which it concluded that, based on the original complaint, it had jurisdiction to award temporary support and attorney fees and that "such order shall be construed as an order *in rem* and shall be chargeable against the defendant's interest in the property more commonly described as the property located at 2030 Marston Lane, Flossmoor, Illinois." It is from this and a subsequent order fixing the awards, that this appeal is taken, and, in this court, appellee has filed neither an appearance nor brief.

It is an established rule of this State, most recently reiterated in *Gleiser* v. *Gleiser*, 402 Ill. 343, that a decree requiring the payment of alimony, support or attorney fees, is a decree *in personam*. It is fundamental too that no decree *in personam* may be taken against a defendant where service is by publication. Thus the orders appealed from here can be sustained only if the court had jurisdiction to enter an award *in rem*. Although a court has no power to enter a decree *in personam* based solely on constructive service of process against a nonresident defendant, it does have power to deal with his property within the court's territorial jurisdiction. Service by publication is usually sufficient where the object of the action is to reach and dispose of property, or of some interest in the property, within the court's jurisdiction. (*Williams* v.

14

*Williams*, 221 Ill. 541; *Bickerdike* v. *Allen*, 157 Ill. 95.) It should be noted, too, at this time, that the power to proceed against property for alimony or support, where service is by publication, is not derived from the statutes providing for divorce or separate maintenance, but from the Chancery Act. *Sapp* v. *Wightman*, 103 Ill. 150; *Leafgreen* v. *Leafgreen*, 127 Ill. App. 184; Ill. Rev. Stat. 1953, chap. 22, pars. 42 and 44.

While it is unquestionably within the court's power, in a proper case, to enter a decree *in rem* over property when service is by publication, we are met in this cause with the question of whether appellee, by her complaint and notice, brought the property within the control of the court for the purpose of enforcing its orders and whether there was sufficient notice to appellant that it was intended to reach his property in this proceeding.

We find that no clear-cut policy concerning procedure has been established in this jurisdiction. A great many authorities hold that in order to subject property in the court's jurisdiction to the payment of alimony, support, or attorney fees, there must be some prior seizure of the property by way of injunction, sequestration, attachment or other writ, to bring it within the control of the court and to thus give notice to a defendant that his property has been impounded. (See: 29 A.L.R. 1381; *Pennoyer* v. *Neff*, 95 U.S. 714, 24 L. ed. 565; *Pennington* v. *Fourth National Bank of Cincinnati*, 243 U.S. 269, 61 L. ed. 713, L.R.A. 1917 F 1159.) Within our own jurisdiction the foregoing rule has been adhered to in *Mowrey* v. *Mowrey*, 328 Ill. App. 92; *Schneider* v. *Schneider*, 312 Ill. App. 59; *Tuttle* v. *Gunderson*, 254 Ill. App. 552; *Cory* v. *Cory*, 249 Ill. App. 293, and *Cox* v. *Cox*, 192 Ill. App. 286. Another view is, however, that a specific seizure is not required, but jurisdictions adhering to this concept demand, in varying degrees, that a legal description of the property be set forth in either the complaint or publication notice,

or both, and that the complaint pray for its appropriation under the alimony, support or fees features of the case. (See: 27 C.J.S. Divorce, sec. 247; *Reed* v. *Reed,* 121 Ohio St. 188, 167 N.E. 684; *Wesner* v. *O'Brien,* 56 Kan. 724, 44 Pac. 1090; *Hamil* v. *Hamil,* 106 Okla. 14, 232 Pac. 823; *Allen* v. *Allen,* 126 Ark. 164, 189 S.W. 841.) Although the question of prior seizure was neither raised nor discussed, this court gave tacit approval to the latter method of procedure in *Wilson* v. *Smart,* .324 Ill. 276. In that case, one of divorce and alimony, service was by publication, while the complaint specifically described defendant's real estate and prayed for such portion of the proceeds of that property as the court might deem necessary and proper for the maintenance of the complainant and a child, for an order restraining the disposition of the property, and for general relief. It was held that such allegations were sufficient to bring the property described within the court's control and to empower it to subject the husband's interest to a lien or charge for alimony. It should be observed too, that in suits for partition, to quiet title, and the like, property is brought within the jurisdiction of the court simply by describing it in the complaint and indicating that relief is sought against the specific property.

In the present case it is apparent that appellee pursued neither method to bring the husband's property within the control of the court. There was no seizure and the legal description of the property was not included either in the complaint or the notice by publication. In no manner did the complaint indicate that relief was to be sought against the property so as to put appellant on notice that jurisdiction *in rem* was sought, or to inform him that jurisdiction was sought over his interest in the real estate. It is true that the complaint prayed for general relief, but even under such a prayer, facts must be alleged which warrant the relief granted. (*Kelly* v. *Kelly,* 293 Ill. 169, 173; *Rice Co.* v. *McJohn,* 244 Ill. 264, 271; *Ames* v. *Holmes,* 190 Ill.

561, 563.) The facts here show that the complaint contained no allegations which sufficiently brought appellant's interest in the real property before the court, or which requested or warranted the relief that was granted against the property. With the pleadings in this state, (cf. *Rolinitis* v. *Rolinitis*, 335 Ill. 260,) and in view of the fact that there was only constructive service by publication, we conclude that the court erred in making the awards and in granting a lien on appellant's interest in the real property.

The orders of the circuit court granting such relief are reversed and the cause is remanded for proceedings not inconsistent with this opinion.

*Reversed and remanded.*