**Delores S. Powers, Plaintiff-Appellant, v. Kenneth N. Powers, Defendant-Appellee.**

**Gen. No. 49,091.**

First District, Second Division.

February 4, 1964.

Kelly, Riley & Sheffey, of Chicago (William E. Riley and Harry G. Fins, of counsel), for appellant.

Conrad G. Verges, George B. Collins, and John Cusack, all of Chicago (Conrad G. Verges, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Plaintiff appeals from an order of the Superior Court of Cook County vacating a decree for separate maintenance in her favor by the Town Court of Cicero. The defendant was served personally in Ohio with a summons and a complaint. He did not file an appearance or answer and was defaulted. In due time he filed a special appearance accompanied by a motion to vacate the decree and to dismiss the cause for lack of jurisdiction of the subject matter or the person of defendant and in the motion also raised the defenses of the statute of limitations and condonation. On motion of plaintiff and without objection from defendant the case was transferred to the Superior Court of Cook County.

The parties were married on June 28, 1952, at Oak Park, Illinois. They moved to Bay Village, Ohio,

where they continued cohabiting as husband and wife until June 15, 1962. Four children were born to this union, their ages, 10, 6, 4, and 2 years. The complaint for separate maintenance was filed on August 8, 1962, in the Town Court of Cicero. Defendant was personally served with a summons and complaint in Ohio on August 13, 1962. Plaintiff in her complaint charged that the defendant on a number of occasions committed acts of physical violence upon her person, and that on June 15, 1962, he physically evicted her from their marital home at Bay Village, Ohio, whence she moved to Cicero, Illinois, where she has since resided.

By the terms of the decree entered in the Town Court she was granted support for herself and custody and support for the four children. The defendant, on November 9, 1962, filed a "special appearance" and a motion to vacate. The decree was set aside by the Superior Court of Cook County on June 22, 1963, "for want of jurisdiction" and the complaint dismissed "without prejudice for want of jurisdiction."

The defendant in his motion to vacate, stated that the court did not have jurisdiction over the person of the defendant or the subject matter of the controversy. He stated that the action was not brought where either the plaintiff or the defendant resided as required under Ill Rev Stats c 68, §§ 22, 23 and that the cause of action having arisen in Ohio, there can be no basis for the service of process outside of Illinois pursuant to Sec 17 of the Civil Practice Act.

In his motion the defendant also raised the defenses of the statute of limitations and condonation by plaintiff of the alleged physical cruelty.

The Supreme Court of Illinois as early as 1856 stated the rule with respect to appearances by the defendant where objection is made to the jurisdiction of the court over the person of a defendant. "There are cases where the defendant may make a quasi appearance,

59

for the purpose of objecting to the manner in which he is brought before the court, and in fact to show that he is not legally there at all; but if ever he appears to the merits, he submits himself completely to the jurisdiction of the court, and must abide the consequences." Crull v. Keener, 18 Ill 65, 66.

In Nicholes v. People, 165 Ill 502, 46 NE 237, the Supreme Court said, 503, 504: "A special appearance must be for the purpose of urging jurisdictional objections only, and it must be confined to a denial of jurisdiction. An appearance for any other purpose than to question the jurisdiction of the court is general." 2 Enc Pl & Pr 632; Abbott v. Semple, 25 Ill 107; McNab v. Bennett, 66 Ill 157; Crull v. Keener, 18 Ill 65. Continuing, the court added that if "he appears to the merits no statement that he does not will avail him, and if he makes a defense which can only be sustained by an exercise of jurisdiction, the appearance is general, whether it is in terms limited to a special purpose or not." 2 Enc of Pl & Pr 625.

The Appellate Court in Brandt v. St. Paul Mercury Indemnity Co., 285 Ill App 212, 1 NE2d 873, was asked to pass upon this question. A special appearance and motion were presented by the defendant asking the court to dismiss the complaint for lack of jurisdiction of the person and subject matter. The defendant gave as one of its reasons that the cause of action had expired by virtue of the statute of limitations. The defendant also filed the equivalent of a plea of res judicata. The court was thus asked to exercise its general jurisdiction in passing upon the pleas of the statute of limitations and res judicata. The court commented, 215, that this "action by defendant operated itself to overrule the special appearance and to make the same the equivalent of a general appearance." See also Kelly v. Brown, 310 Ill 319, 141 NE 743.

The defendant in Book v. Ewbank, 311 Ill App 312, 35 NE2d 961, in his special appearance attempted to question not only the jurisdiction of the court but also to raise the defense of limitations. The court said, 320: "The rule is, that if a party wishes to question anything but the jurisdiction of the court in such a proceeding, he must limit his appearance to that purpose only. The appellant in filing his motion, not only questioned the jurisdiction of the court, but asked leave to plead to the merits of the case, and by so doing entered his appearance in the suit."

■■ The well established rule in Illinois is that a defendant who makes a special appearance challenging jurisdiction of his person must limit the appearance to the jurisdictional question. If he invokes the court's power to adjudicate any defense or defenses in bar he is deemed to have submitted to the jurisdiction of the court. See Sec 20(1) Civil Practice Act and notes by Jenner and Tone.

As recently as July, 1962, this court had before it the situation where a former husband entered a special appearance to question the court's jurisdiction over his person to adjudicate his wife's petition for unpaid alimony and he therein also raised the defense of the statute of limitations. This court noted that by raising the defense of the statute of limitations, the defendant converted a special appearance into a general appearance and thereby submitted himself to the jurisdiction of the court. Mueller v. Mueller, 36 Ill App2d 305, 183 NE2d 887.

The defendant maintains that the trial court lacked jurisdiction over the subject matter of the complaint, citing Ill Rev Stats 1963, c 68, § 23. Plaintiff alleges that she resides in Cook County, Illinois and that the defendant is a nonresident. The Town Court of Cicero and the Superior Court had jurisdiction of the subject matter of the general class to which this case belongs.

In O'Laughlin v. O'Laughlin, 4 Ill App2d 323, 327, 124 NE2d 88, we pointed out that in United Biscuit Co. v. Voss Truck Lines, Inc., 407 Ill 488, 95 NE2d 439, the court held that the requirements with respect to the place the defendant may be sued do not go to the jurisdiction of the subject matter. The defendant may insist on proper venue, or he may waive it. We conclude that the defendant by presenting the defenses of the statute of limitations and condonation submitted to the plenary jurisdiction of the court and in effect entered a general appearance.

We think that the Chancellor was in error in vacating the decree and dismissing the complaint for want of jurisdiction. The court had jurisdiction of the subject matter and of the persons. The defendant should be given an opportunity to have the default and the decree vacated and to file an answer and otherwise plead. The case should be tried de novo on its merits. The court will have the discretionary right to award support money, alimony, attorney's fees and litigation expenses retroactive to the date when the original decree was entered. The order of the Superior Court is reversed and the cause is remanded to the Circuit Court with directions to enter all requisite orders consistent with these views and to give the parties a trial on the merits as to any issues joined.

Order reversed and cause remanded with directions.

FRIEND and BRYANT, JJ., concur.