Mary Jane Loss, Plaintiff-Appellant, v. Edward A. Loss, Jr., and Armstrong Paint & Varnish Works, Inc., Defendants-Appellees.

Gen. No. 65–147.

Second District.

March 8, 1967.

MORAN, J., dissenting.

Helen C. Kinney, of Hinsdale, for appellant.

O'Toole & Westrick, of Chicago, and Leren and Burek, of Wheaton, for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Mary Jane Loss filed suit for separate maintenance in DuPage County against Edward A. Loss, Jr., later joining Armstrong Paint & Varnish Works, Inc. as a defendant, who was alleged to have money owing to the husband. A special appearance and a motion to dismiss for lack of jurisdiction was filed by the husband. From an order dismissing the wife's suit and a subsequent order dismissing the Defendant Armstrong, based on the dismissal of the main suit, the wife appeals.

The plaintiff filed her complaint for separate maintenance with the court below on June 15, 1964, but defendant was not personally served with summons until an alias summons was served upon him in Arkansas on November 6, 1964. Prior to personal service being

made on defendant, he himself filed suit for divorce in Crittenden County, Arkansas, and this plaintiff was personally served with summons therein on September 30, 1964.

The plaintiff filed an answer in the Arkansas proceedings, and on October 29, 1964, filed a petition for attorney's fees. Although plaintiff chose to stand mute at the subsequent trial on the merits in Arkansas, she must be held to have appeared generally in those proceedings.

On December 8, 1964, after finally being personally served with summons in the Illinois action, the defendant filed a "Special and Limited" appearance in DuPage County, and moved for a dismissal of the cause on the grounds that the plaintiff had filed a general appearance in the Arkansas case, and that plaintiff had failed "to serve the defendant."

The defendant's motion for dismissal does not state whether the issues in the Arkansas case were the same as or similar to those in the Illinois case. Also, and in spite of the representations in the defendant's motion, the record clearly shows that he was personally served with summons prior to the filing of his motion.

On April 13, 1965, a decree of divorce was entered in the Arkansas proceeding in favor of the husband. On October 11, 1965, the court below dismissed the Illinois case on the grounds that "this court does not have jurisdiction." It is from this order and other orders incidental thereto that plaintiff appeals to this court, praying, inter alia, for a determination of her "property rights" and rights to the custody and support for the minor children of the parties.

The dismissal order is silent as to whether the missing jurisdiction was over the defendant's person or the subject matter. However, the order was entered pursuant to the defendant's motion "that the above entitled cause

378

be dismissed," and this motion was accompanied with defendant's "Special and Limited Appearance."

■ A special appearance is made "for the purpose of objecting to the jurisdiction of the court over the person of the defendant." (Ill Rev Stats, c 110, § 20.) However, approximately twenty days prior to filing his motion and special appearance, defendant was personally served with alias summons in Arkansas, and the propriety of this service was not seriously questioned. Further, the tenor of defendant's argument to this court and the trial court, and the wording of his motion to dismiss, suggests strongly that the main thrust of his position was the existence of the Arkansas proceeding, in which plaintiff filed a general appearance.

■ Accordingly, defendant's motion to dismiss would be sustained, if at all, under section 48(c) (Ill Rev Stats, c 110, § 48(c)), which provides for a dismissal motion where "there is another action pending between the same parties for the same cause." The defendant's participation below is tantamount to a general appearance, notwithstanding the nomenclature chosen for his pleadings. As noted above, the Civil Practice Act limits the use of the Special Appearance to objections to jurisdiction over the person of the defendant. While the motion represents that defendant was not personally served with summons, the uncontroverted evidence is to the contrary.

A motion to dismiss a cause because of a prior pending suit has been held to constitute a general appearance in Jones v. Jones, 40 Ill App2d 217, 189 NE2d 33 (1963) (3d Dist), where it was said (p 227):

> "The second plea in abatement was directed solely to the issue of the care and custody of the children and it was asserted therein that the same issue was then pending in the prior case. This plea was equivalent to a motion for dismissal under subparagraph (c) of Section 48: '(c) That there is another

action pending between the same parties for the same cause.' By this plea and motion the defendant also submitted himself to the jurisdiction of the court. People for the Use of White v. White, 263 Ill App 425."

For the reasons stated below, we believe the court erred in dismissing the entire cause because of the pendency of the Arkansas litigation.

By his Arkansas complaint, the defendant sought only to effect the termination of his marriage. He made no allegations or prayers regarding the custody or support of the minor children of the parties, and stated that "there is no property involved in this action." The record does not disclose that any evidence was offered on these issues. In fact, the record shows that no evidence whatsoever was offered on the issues of child custody or support. A letter dated April 14, 1965, from plaintiff's Arkansas counsel to her Illinois counsel, which letter was put into evidence by defendant, summarizes the proofs taken in Arkansas. These proofs contained nothing regarding the needs of the children, the amounts necessary to support them or the amounts which defendant could afford to furnish for such support. In the Arkansas decree the court expressly found that the three children of the parties are "out of this state and, therefore, not before this court," and that "there should be no adjudication of property rights between the parties." In plaintiff's Illinois complaint for separate maintenance, however, there is an express prayer for custody and child support as well as a prayer for the adjudication of property rights.

██ It is established doctrine in this State that a woman may maintain a separate suit against her husband *or former husband* for the support and maintenance of their minor child. Thus, in Boyle v. Boyle, 247 Ill App 554 (1928) (4th Dist), the plaintiff brought suit against her former husband for the support of their

infant child in her custody. Previously, the husband obtained a decree of divorce from the plaintiff on grounds of desertion, with the complaint and decree silent as to child custody and support. The wife had filed her general appearance in the prior divorce action. In affirming a recovery against the former husband, the court (at page 556) set forth the relevant facts of the case, which are strikingly similar to those in the instant case:

> "In the argument of the appellant he lays stress upon the fact that it was through the fault of the wife that the divorce was procured, namely, desertion. The record shows that the wife entered her appearance in writing in the divorce proceedings and knew the charge against her by her husband in his bill for divorce. Evidently she knew that her husband was not claiming the right to the possession of the child. He made no attempt whatsoever to have the court decree the care and custody of the child to him. The husband at no time seemed to concern himself about the care and custody of the child, either before or after the divorce was granted.

> . . . . . .

> "*When the parents of a child are divorced and no mention is made in the decree for the care and custody of the minor child, under the law, the father is still bound to provide a reasonable and proper support for the said minor child, depending upon the age, ability and circumstances of the child.*" (Emphasis added.)

The Boyle case was heavily relied upon by this court in The People ex rel. Hartshorn v. Hartshorn, 21 Ill App 2d 91, 157 NE2d 563 (1959) (2d Dist). In Hartshorn, the mother initiated a suit in Georgia under the Uniform Reciprocal Enforcement of Support Act against her former husband, seeking support for their child. The de-

fendant father was in Illinois, and Illinois was the "responding" state. The evidence disclosed that the father had previously obtained an Illinois decree of divorce from the mother while she was in Georgia, with the decree making no mention of the support or custody of the child. On appeal, it was held that the mother could maintain this independent action for child support, notwithstanding the prior divorce suit.

The fact that the wife in Hartshorn was not personally before the court in the earlier divorce action does not distinguish the case since the court relied strictly on Boyle where the wife *did* appear generally in the prior divorce suit. The relevant test would seem to be whether the court in the earlier suit adjudicated the question of child support and custody, after a due consideration of the circumstances normally affecting such right and obligation.

Another case establishing that an *independent* suit may be maintained in such cases for child support is Hoover v. Hoover, 307 Ill App 590, 603, 30 NE2d 940 (1940) (1st Dist), holding that

> ". . . the duty of a father to support his minor child exists and can be enforced, *even by the people,* despite the existence of an adverse decree awarding the custody of the child to the mother, where the decree makes no provision for the payment of any sum for the support of the child." (Emphasis added.)

██ ██ It would be a strange doctrine that would permit a new and separate action by plaintiff and deny her the right to pursue her *present* action, commenced prior to the Arkansas proceedings, insofar as it pertained to the custody and support of these minor children. Courts of equity dispose of cases so as to end litigation, not to foster it; to diminish suits, not to multiply them. Payne v. Hook, 74 US 425, 19 L Ed 260. "If one sues in

equity in good faith and fails to estabish his cause, but shows a state of facts entitling him to recover at law, the court, having rightfully obtained jurisdiction for a purpose, *may retain the cause and grant just such relief as, on the facts, the complainant appears to be entitled to, whether at law or in equity."* (Emphasis added.) White v. Macqueen, 360 Ill 236, 195 NE 832 (1935); Rosehill Cemetery Co. v. City of Chicago, 352 Ill 11, 185 NE 170 (1933); 19 Am Jur, Equity, § 133. See also Twohy v. Slate Creek Mining Co., 36 Wash2d 801, 220 P2d 1075 (1950); Knauf & Tesch Co. v. Elkhart Lake Sand & Gravel Co., 153 Wis 306, 141 NW 701 (1913); Johnston & Grommitt Bros. v. Baum, 108 Va 490, 62 SE 341 (1908).

Plaintiff's right to establish the custody and support of the minor children is not to be denied or limited because the Arkansas decree contains a paragraph requiring this defendant to pay fifty dollars per week under the Uniform Reciprocal Enforcement of Support Act. The Uniform Act provides that (Ill Rev Stats c 68, § 57):

"This act shall be construed to furnish an *additional or alternative* civil remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute and available to the petitioner in relation to the same subject matter." (Emphasis added.)

Furthermore, the Arkansas proceedings contained no allegations, prayers or evidence on the question of child support or custody, and the Arkansas court expressly found that the children were "not before this court." Surely the interests of the children were not examined in terms of their needs and the father's ability to furnish these needs.

A ruling of a sister state court in a proceeding involving children in Illinois was similarly presented in The People ex rel. Noonan v. Wingate, 376 Ill 244, 33

NE2d 467 (1941). In that case the maternal grand-parents of an infant in Illinois petitioned a Massachu-setts court to be appointed as the infant's guardians. The Massachusetts court granted the prayer of the pe-tition, and the grandparents thereupon instituted a habeas corpus proceeding in Illinois, arguing that the Massa-chusetts decree was entitled to full faith and credit. The Illinois court noted that the prior Massachusetts proceedings (376 Ill at 247):

> "(W)ould not involve a consideration of whether the child was then receiving better care and attention in the possession of appellees than she would in the possession of such guardian . . . . The probate court of Massachusetts, having been thus limited in its scope of inquiry, it cannot be said that mere proof of the order of appointment of a guardian of the person by that court requires this court to deliver her into the possession of appellant as such guardian *without a full consideration of the evi-dence to determine what is best for the child."* (Emphasis added.)

The rationale of The People ex rel. Noonan v. Win-gate, supra, is consistently found in the authorities, and is sound. "From time immemorial minors have been con-sidered wards of the State and entitled to protection in courts of chancery where their custody or property rights are involved. The court owes the duty to see that they are properly represented and their rights properly safe-guarded." Union Bank of Chicago v. Wormser, 256 Ill App 291, 305 (1930).

 ▊▊ What we have stated above with respect to the plaintiff's right to have child support established does not, however, extend to give her the right to have her other requests for relief adjudicated in these proceed-ings. The jurisdiction of the trial court was acquired in

a suit for separate maintenance. Separate maintenance proceedings are authorized solely by statutory provisions which specifically include the right to child support. Ill Rev Stats, c 68, § 22. The statute does not authorize the court to adjudicate any property rights, and the Illinois courts have consistently held that this power does not exist independent of the statute in separate maintenance proceedings. "As the Separate Maintenance Act does not grant the courts the power to determine property rights in proceedings brought under the Act the courts cannot enlarge the power given by resorting to their general equity powers in proceedings brought under this Act." McFarlin v. McFarlin, 384 Ill 428, 51 NE2d 520; Petta v. Petta, 321 Ill App 512, 520, 53 NE2d 324; See generally Weinberg, Illinois Divorce, Separate Maintenance and Annulment, § 612, (1954). Olmsted v. Olmsted, 332 Ill App 454, 456, 75 NE2d 774. Thus, since the Separate Maintenance Act gives the court the power to consider child support, the general equity principles will permit the plaintiff to pursue this remedy in these proceedings, without starting anew. However, and as noted above, these general principles of equity to avoid needless litigation will not authorize the court to tread where it has no jurisdiction.

The order of the trial court dismissing the cause for want of jurisdiction is reversed for the reasons set forth above, and the cause is remanded for the purpose of adjudicating the issue of child support.

On plaintiff's motion, the court below had previously issued an injunction against the defendant husband's employer, Armstrong Paint and Varnish Works, Inc. from paying out any commissions or other monies owed the husband. Subsequently, the proceedings were dismissed as to the employer on the express grounds that the court did not have jurisdiction over the person of the defendant husband. Inasmuch as we hold that the trial court

385

did have personal jurisdiction over defendant husband, we necessarily hold also that the court erred in dismissing the employer.

Reversed and remanded.

ABRAHAMSON, J., concurs.

MORAN, J., dissents.