MORRIS GOLDBERG, Plaintiff-Appellee, *v.* RINA GOLDBERG, Defendant-Appellant.

(No. 59763;

First District (4th Division)—March 12, 1975.

Hardiman, Lynch, Finkel and Fallmer, of Chicago (A. J. Hardiman, of counsel), for appellant.

Martin, Drucker, Karcazes & Kite, Ltd., of Chicago (George D. Karcazes and John T. Duax, of counsel), for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

On December 8, 1972, Morris Goldberg (plaintiff) filed a complaint for divorce in the Circuit Court of Cook County. It alleged that in September, 1972, his wife Rina (defendant) had left their marital domicile in Illinois, deserting plaintiff and taking their 6-year-old son and all their possessions to the country of Israel. At the time the complaint was filed, defendant was residing in Israel. Service was made by publication.

Defendant obtained counsel in Illinois and a special limited appearance was filed, followed shortly thereafter by a motion to have plaintiff's complaint dismissed pursuant to section 48(1)(c) of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110, par. 48(1)(c).) The motion to dismiss was denied. The trial court then ruled that by presenting the motion to dismiss under section 48, defendant had made a general appearance and submitted to the jurisdiction of the court.

Defendant next moved to have plaintiff's complaint stricken for failure to state a cause of action. This motion was also denied, but the court instructed plaintiff to file a bill of particulars. This was never done. A motion to withdraw was filed by defendant's attorney, defendant and her Israeli counsel being notified of the motion by telegram. The motion was allowed. Eventually, an order of default was entered and the case was heard as an uncontested divorce proceeding. After the presentation of evidence on behalf of plaintiff, a divorce decree was granted in plaintiff's favor giving him custody of the child and denying defendant alimony.

Defendant appeals to this court claiming that:

(1) The trial court erred in denying her special and limited appearance;

(2) The trial court should have granted the motion to dismiss on the ground that a prior action was pending in Israel;

(3) Plaintiff's complaint failed to state a cause of action and further that the proof did not conform to the pleadings; and

. (4) The trial court was in error when it allowed counsel for defendant to withdraw.

■■ Considering defendant's first contention, we find that the trial court was correct when it ruled that defendant had submitted herself to the jurisdiction of the court. Defendant states that any in personam orders entered against her were void since service was by publication. This is generally true as noted in *People ex rel. Hartshorn v. Hartshorn*, 21 Ill.App.2d 91, 99-100, 157 N.E.2d 563, and *Gleiser v. Gleiser*, 402 Ill. 343, 345-346, 83 N.E.2d 693, both cited by defendant in her brief. However, defendant here filed a special limited appearance and before any determination had been made as to the jurisdictional question, moved to have the complaint dismissed pursuant to section 48 of the Civil Practice Act. It is conceded by defendant that "generally a special and limited appearance and a motion to dismiss [under section 48] constitute a general appearance," but she argues that here the subsequent motion only acted to set forth additional facts showing that there was no jurisdiction. No authority is cited and this court has not found anything which supports this position.

The Civil Practice Act provides as follows:

"Special Appearance:

(1) Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. A special appearance may be made as to an entire proceeding or as to any cause of action involved therein. Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance.

(2) If the reasons for objection are not apparent from the papers on file in the case, the special appearance shall be supported by affidavit setting forth the reasons. In ruling upon the objection, the court shall consider all matters apparent from the papers on file in the case, affidavits submitted by any party, and any evidence adduced upon disputed issues of fact. No determination of any issue of fact in connection with the objection is a determination of the merits of the case or any aspect thereof. A decision adverse to the objector does not preclude him from making any motion or defense which he might otherwise have made.

(3) If the court sustains the objection, an appropriate order shall be entered. Error in ruling against the defendant on the objection is waived by the defendant's taking part in further proceedings in the case, unless the objection is on the ground that

the defendant is not amenable to process issued by a court of this State." (Ill. Rev. Stat. 1971, ch. 110, par. 20.)

If defendant's special appearance went beyond a challenge to the court's jurisdiction over her person, then she would have converted it to a general appearance and allowed the court to obtain in personam jurisdiction over her. As was stated in *Powers v. Powers*, 46 Ill.App.2d 57, 61, 196 N.E.2d 731:

> "The well established rule in Illinois is that a defendant who makes a special appearance challenging jurisdiction of his person must limit the appearance to the jurisdictional question. If he invokes the court's power to adjudicate any defense or defenses in bar he is deemed to have submitted to the jurisdiction of the court. See Sec 20(1) Civil Practice Act and notes by Jenner and Tone."

Quite clearly the motion to dismiss attempted to raise a defense as noted above, and defendant submitted to the court's jurisdiction. See *Loss v. Loss*, 80 Ill.App.2d 376, 379, 224 N.E.2d 271.

■■ Defendant's next contention is that the trial court should have granted her motion to dismiss the complaint since a prior action was pending in the Rabbinical Court of Israel. The motion and affidavits were filed pursuant to section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 48(1)(c)) which makes provision for a motion to dismiss based on "* * * another action pending between the same parties for the same cause." The question we must consider is whether section 48(1)(c) is applicable when the action raised as a bar is pending in the court of a foreign country. We are of the opinion that it is not.

Defendant had offered no support for her position, either in her brief or during oral argument before this court. The only case cited by defendant, *Skolnick v. Martin*, 32 Ill.2d 55, 203 N.E.2d 428, is inapplicable to the question raised in the case at bar, as that opinion only held that section 48(1)(c) applied to actions pending in Federal as well as State courts. We have found no authority which would support the argument advanced by defendant. Quite the contrary, the recent decision of this court in *Farah v. Farah*, 25 Ill.App.3d 481, 323 N.E.2d 361, considered and rejected the same contention raised relating to section 48(1)(c). In *Farah*, a defendant in a divorce action moved to have the action in the Illinois court dismissed pursuant to section 48(1)(c) due to the pendency of a similar action between the same parties in the courts of Lebanon. The trial court, as in the instant appeal, refused to grant this motion and this denial, *inter alia*, was raised as error on appeal. Mr. Justice Goldberg, delivering the opinion of the court, citing *Pesquera Del Pacifico v. Su-*

*perior Court* (1949), 89 Cal. App. 2d 738, 201 P.2d 553, which dealt with a provision in the California Code of Civil Procedure virtually identical to section 48(1)(c), stated that the mere pendency of a prior action in the court of a foreign country would not constitute a bar to further proceedings before an Illinois court. (See further, 19 A.L.R. 2d 301.) We therefore are of the opinion that the trial court was correct when it refused to dismiss the instant action due to the proceedings in the Israeli court.

Defendant's third contention is that the trial court erred in failing to strike plaintiff's complaint for failure to state a cause of action; that the court erred in allowing the introduction of factual evidence that did not conform to the factual allegations contained in the pleadings; and that the default order entered was improper. We find these claims to be completely without merit.

■■ Defendant argues that the default order was improperly entered against her as plaintiff had not provided her with a bill of particulars as the court had ordered. This is not correct. Section 37(1) of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 37(1)) requires that the notice demanding a bill of particulars shall specify the defects complained of or the details desired. Plaintiff in his brief points out that this was never done and he was unable, therefore, to furnish such a bill. Further, it is within the sound discretion of the trial court whether or not a pleading should be stricken for failure to furnish a bill of particulars. (Ill. Rev. Stat. 1971, ch. 110, par. 37(2).) We cannot say that the trial court abused its discretion in this case.

There is also no question that the complaint did in fact state a cause of action for divorce based on mental cruelty and that the evidence was properly admitted to show this. Defendant's argument is that there was no causal link between the allegations of plaintiff's complaint, that these allegations did not state a cause of action and that they were vague and indefinite. In making this argument, defendant selects a single paragraph of plaintiff's complaint. Examining the entire complaint, we find that it was sufficient. Plaintiff's allegations, simply put, were that defendant's father exerted an inordinate control over her and her affairs, and that this influence was the cause of severe marital problems that resulted in plaintiff suffering great mental anguish and causing him to seek medical treatment. Our examination of the record reveals that the evidence introduced before the trial judge related to this issue and was sufficient to allow the court to grant the decree.

■■ In support of her position defendant cites *Marks v. Marks*, 8 Ill. App.3d 212, 289 N.E.2d 671, where the court held:

"It is generally recognized that in order to establish mental

cruelty as a grounds for divorce, the conduct of the defendant must be such as to cause embarrassment, humiliation and anguish to the opposite spouse or to cause the opposite spouse's life or personal health to be endangered. [Citation.]" (8 Ill.App.3d 212, 214.) If we apply this test to the facts presented in the instant appeal, as defendant urges, we still find ample evidence to support the granting of the decree. See also *Deahl v. Deahl*, 13 Ill.App.3d 150, 300 N.E.2d 497.

■■ The final instance of error raised by defendant for our consideration is the trial court allowing defendant's counsel to withdraw without giving reasonable notice. As noted in *Bergman v. Hedges*, 111 Ill.App.2d 35, 249 N.E.2d 666, the question of whether notice of withdrawal was reasonable is to be determined from the circumstances of a particular case. The record of the instant case shows that the notice given to defendant by her counsel, in light of the entire record, was reasonable and that the trial court properly allowed him to withdraw.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.