COMMUNITY BANK & TRUST COMPANY OF EDGEWATER, Plaintiff-Appellee, *v.* FREDERICK PAVLICH *et al.*, Defendants.— (JOSEPH PAOLELLA, Defendant-Appellant.)

First District (1st Division) No. 79-1344

Opinion filed June 2, 1980.

Barry A. Erlich and Jerry A. Esrig, both of Chicago, for appellant.

Tenney & Bentley, of Chicago (Michael J. Smith and Richard J. Cochran, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

On October 24, 1978, judgment by confession was entered on a note in favor of Community Bank & Trust Company of Edgewater and jointly

and severally against Joseph Paolella (defendant), Frederick Pavlich, Ralph Applegate, Jr., and Gordon Foster for $26,305.89 plus costs and interest. Summons to confirm the judgment was issued on October 30, 1978. The summons directed to defendant was returned "not found" on November 19, 1978. Defendant has never been served with summons to confirm.

On November 20, 1978, an appearance was filed by attorney Barry Goodman on behalf of defendant Paolella and codefendants Pavlich and Foster. Attorney Goodman entered the appearance without any contact with defendant and without his consent or knowledge. Goodman had never represented defendant in any matter, and they had never discussed this matter. Later, in an affidavit, Goodman averred he had filed the appearance inadvertently. Goodman never informed defendant that an appearance had been entered. After filing the appearance, attorney Goodman took no further action.

On January 25, 1979, defendant was served with a citation to discover assets, but this was quashed.

On February 27, 1979, the court entered an order confirming the judgment by confession against defendant and a codefendant for whom attorney Goodman had filed an appearance. Although attorney Goodman was served with notice of plaintiff's motion to confirm, he failed to appear.

On February 28, 1979, a citation to discover assets was issued to defendant. The citation was served on March 5, 1979. Defendant claims that not until this time was he aware that suit had been filed against him and judgment had been confessed. Pursuant to the citation, defendant appeared in court on March 28, 1979. Defendant was without counsel and requested a continuance of the citation proceedings. The matter was continued several times until June 6. On that date, defendant appeared with a new attorney, Barry Erlich, who filed his appearance on defendant's behalf.

On June 14, 1979, attorney Erlich filed a motion to vacate the order confirming the judgment against defendant on the grounds that the order was entered without jurisdiction over defendant and without notice or an opportunity for a hearing. The motion alleged the summons to confirm the judgment was never served upon him. Also, as above set out, the purported appearance of attorney Goodman for defendant was unauthorized and therefore a nullity. The motion alleged, "Plaintiff has a valid defense to the note in that he believes that he did not sign the note." The motion was accompanied by the affidavits of defendant and attorney Goodman. The motion prayed that the order of February 27, 1979, confirming the judgment by confession against defendant be vacated and that defendant have leave "to file his verified answer and motion to open

up judgment by confession." The trial court denied the defendant's motion to vacate and allowed the continuation of supplementary proceedings before Judge Cohen. Defendant appeals from the denial of the motion to vacate.

Defendant contends the order confirming the judgment by confession should be vacated for lack of jurisdiction because he was never served with summons and never authorized any appearance on his behalf. He urges the judgment was confirmed and citations to discover assets were issued without notice to him and without affording him a hearing in violation of his constitutional right to due process.

■■ Generally, service of summons upon a defendant is essential to create jurisdiction of the court. In *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 583, 366 N.E.2d 1015, this court held:

> "It is axiomatic that one of the essentials of a valid judgment is that the court have jurisdiction to render it, and service of process on a defendant is a necessary and imperative element and prerequisite before the court can have jurisdiction to enter a judgment against him."

However, a defendant may waive the service of process and confer jurisdiction over his person upon the court. This may be done where a defendant fails to limit his appearance before the court to the narrow issue of service of process and instead at the same time seeks further relief from the court. In *Goldberg v. Goldberg* (1975), 27 Ill. App. 3d 94, 97, 327 N.E.2d 299, this court quoted from *Powers v. Powers* (1964), 46 Ill. App. 2d 57, 61, 196 N.E.2d 731:

> " 'The well established rule in Illinois is that a defendant who makes a special appearance challenging jurisdiction of his person must limit the appearance to the jurisdictional question. If he invokes the court's power to adjudicate any defense or defenses in bar he is deemed to have submitted to the jurisdiction of the court.' "

See also section 20(1) of the Civil Practice Act and notes by Jenner and Tone (Ill. Rev. Stat., ch. 110, par. 20, Historical & Practice Notes, at 202-04 (Smith-Hurd 1968), at 61 (Smith-Hurd Supp. 1979)).

In *Hackler v. Cardinal Newman College* (1979), 71 Ill. App. 3d 665, 389 N.E.2d 960, this court considered a situation in which a defendant raised the question of *in personam* jurisdiction by filing a special limited appearance and then filing a motion to dismiss the suit under section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 48(1)(c)). The court cited *Goldberg* (71 Ill. App. 3d 665, 668), and came to the conclusion that by the filing of the motion requesting relief other than the jurisdictional issue, the defendant had submitted himself to the *in*

*personam* jurisdiction of the court. Other strong authorities announcing and approving the same principle are *Gutow v. Cooper* (1980), 82 Ill. App. 3d 534, 402 N.E.2d 852; *Rock Island Bank & Trust Co. v. Stauduhar* (1978), 59 Ill. App. 3d 892, 902, 375 N.E.2d 1383, *appeal denied* (1978), 71 Ill. 2d 614; *Farley v. Blackwood* (1978), 56 Ill. App. 3d 1040, 1044, 372 N.E.2d 921, and the cases there cited.

■■ In the case before us the defendant did, in effect, file a special appearance by challenging the *in personam* jurisdiction of the court. However, on March 28, 1979, the defendant appeared before the court in the citation proceedings and requested that the hearing be continued. On June 6, 1979, defendant again requested another continuance. Thereafter on June 14, 1979, defendant filed his motion in connection with the entry of judgment. This motion goes far beyond the filing of a special appearance and a motion to challenge the *in personam* jurisdiction of the court. The motion alleges defendant was not served with summons to confirm the judgment, and the appearance of attorney Goodman in defendant's behalf was not authorized.

The petition then went further and alleged that defendant "has a valid defense to the note in that he believes he did not sign the note." The same allegation regarding a valid defense appears in an affidavit filed by defendant in support of his motion. The motion also alleged it was being presented by defendant "without undue delay." This was an apparent attempt by defendant to meet the requirement that defendant show diligence in his effort to open a judgment by confession. (See Ill. Rev. Stat. 1977, ch. 110A, par. 276.) The motion also prayed various relief in addition to vacation of the judgment. The motion requested a stay of the citation proceedings and specifically prayed that the defendant have leave to file his verified answer and motion to open up the judgment by confession. In our opinion, in this manner the defendant waived any issue of jurisdiction and submitted his person to the jurisdiction of the court.

Since the defendant has done so, the remaining issue is whether defendant's petition was proper and sufficient to obtain an opening of the judgment against defendant by confession in accordance with the applicable Supreme Court Rule 276 (Ill. Rev. Stat. 1977, ch. 110A, par. 276). This rule is intended to shield a defendant from the occasionally unfair results of the process of judgment by confession. The rule provides that the petition "shall be accompanied by a verified answer which defendant proposes to file." The rule further provides that the motion and affidavit are required to disclose a *prima facie* defense on the merits to plaintiff's claim. In addition, diligence in presenting the motion is required.

■■ It has been stated by this court that the presentation by defendant of a *prima facie* defense "is crucial to opening a confession of judgment."

(*Melrose Finance Co. v. Inn Town Hotel, Inc.* (1978), 57 Ill. App. 3d 496, 497, 373 N.E.2d 523.) It has been repeatedly held that a motion to open a judgment by confession under this rule must demonstrate the justice of the defendant's claim by substantial facts; it must demonstrate that defendant in fact has a meritorious defense to plaintiff's claim. *Malone v. Marks* (1977), 55 Ill. App. 3d 846, 849, 371 N.E.2d 204; *Ritz v. Karstenson* (1976), 39 Ill. App. 3d 877, 350 N.E.2d 870.

■■ In the case before us the defendant has completely failed to show clearly that he has any defense on the merits to plaintiff's claim. Defendant relies exclusively on the vague statement of his belief that he did not sign the note. We cannot accept this conclusionary allegation as a statement of fact showing a clear defense on the merits to plaintiff's claim. We therefore conclude that the trial court properly denied defendant's motion to vacate the judgment confirming the judgment by confession. The order appealed from is therefore affirmed.

Order affirmed.

McGLOON and O'CONNOR, JJ., concur.