MARY L. SULLIVAN, Plaintiff-Appellee, *v.* PETER C. BACH,
Defendant-Appellant.

Second District   No. 81-76

Opinion filed October 16, 1981.

John J. Piccione and Patrick C. Keeley, both of John J. Piccione & Associates, of Wheaton, for appellant.

Law Offices of Daniel W. Burke, of Lombard, for appellee.

Mr. JUSTICE VAN DEUSEN delivered the opinion of the court:

On May 16, 1979, the circuit court of Du Page County entered an ex parte judgment for $20,000, plus costs, against the defendant Peter C. Bach in a personal injury case. Defendant unsuccessfully sought to have the judgment set aside on the grounds that the judgment was void because the trial court lacked personal jurisdiction over him. This is the basis on which he appeals.

The facts of this case are somewhat unusual. On January 3, 1979, the plaintiff filed a complaint against the defendant for personal injuries arising out of an automobile collision that occurred November 19, 1978. Summons was issued on January 3, 1979. The return of the deputy sheriff on the summons indicates that substitute service was had on the defendant Peter C. Bach on January 4, 1979, by serving "Sharon Bach (daughter)" at 433 Hillcrest Lane, Lombard, Illinois, and mailing a copy thereof to the defendant at the same address. There is no indication on the return as to the approximate age of Sharon Bach. On March 2, 1979, an order of default was entered against the defendant. A proveup was had on May 15, 1979, and judgment was entered against the defendant in the sum of $20,000, plus costs. On February 26, 1980, the defendant was served with a Citation to Discover Assets. On March 7, 1980, the defendant appeared personally at the citation proceedings, and he requested and obtained a continuance of the citation proceedings. On March 13, 1980, his counsel appeared, and the parties agreed to continue the hearing pending action by the defendant's insurance carrier.

On April 30, 1980, the attorney for the defendant's insurance carrier filed a general appearance on behalf of defendant and a section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72) to vacate the judgment alleging a meritorious defense and excessiveness of the award.

On May 30, 1980, the defendant filed his first amended petition to vacate repeating the allegations of the original petition and adding the allegation that the court lacked personal jurisdiction over the defendant

because the substitute service had on January 4, 1979, was improper in that Sharon Bach was neither related to the defendant nor a member of his household nor did the defendant reside at the address where service had purportedly been had. This petition was accompanied by defendant's affidavit asserting the same facts.

On July 17, 1980, a hearing was had on the defendant's motion to vacate, and the court denied the motion but granted defendant 21 days to file an amended petition to vacate.

On August 7, 1980, the defendant filed a second amended petition to vacate limited to a claim that the court lacked personal jurisdiction over the defendant. This petition alleged factually that on January 4, 1979, the residence of the defendant was at 1120 S. Edgewood, Lombard, Illinois. The petition further alleged that on January 4, 1979, and at all times pertinent to this action there existed no such person as "Sharon Bach" who resided at 433 Hillcrest Lane, Lombard, Illinois, but that one Sharon Boland, age 10, did reside at that address, as did Carol Turano Bach, the defendant's estranged wife. The defendant swore to the truth of the factual allegations in the petition.

An order denying this petition was entered on September 23, 1980. In the order, the trial court found that since the defendant had entered a general appearance on April 30, 1980, he had waived any jurisdictional defenses and had submitted himself to the jurisdiction of the court. In addition to ruling on the matters before it at that time, the court's order also said "defendant may still file a section 72 petition."

On October 22, 1980, defendant filed a third amended petition to vacate the judgment. Count I, in substance, was a motion to reconsider the second amended petition to vacate, which was denied in the order of September 23, 1980. As an alternative, count II sought to have the judgment set aside pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) and purportedly pled facts constituting a meritorious defense and due diligence.

On November 7, 1980, the trial court denied the petition on the following grounds. As to count I, the defendant's filing of his general appearance on April 30, 1980, was the filing of a general appearance prior to judgment within the meaning of section 20(1) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 20(1)). Regarding count II, there was a want of due diligence required under section 72 of the Illinois Civil Practice Act. (Ill. Rev. Stat. 1979, ch. 110, par. 72.) In response to a request by the plaintiff for a ruling, the trial court indicated that its order of September 23, 1980, was not a final order. The court did provide in its order of November 7, 1980, that it was a final order from which there was no reason to delay the enforcement or appeal.

On December 1, 1980, the defendant filed his notice of appeal. The defendant has limited his appeal to the trial court's denial of his petition to vacate the judgment against him for want of personal jurisdiction.

We first consider the contention of the plaintiff-appellee, that the trial court orders of July 18, 1980, and September 23, 1980, were final orders from which the defendant was required to appeal.

Plaintiff is correct that ordinarily an order entered denying any relief prayed in a section 72 petition is appealable (*In re Marriage of Kirk* (1980), 85 Ill. App. 3d 805, 809; *Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 689), and a party has 30 days from the denial of a section 72 petition in which to file notice of appeal (*Kirk*, at 809). In the instant case, the trial court denied the defendant's first amended petition on July 18, 1980, and the second amended petition on September 23, 1980. The plaintiff maintains that the defendant should have appealed those orders but did not do so. Where no timely appeal is taken from a final order, the appellate court is without jurisdiction to review it or to consider the propriety of any subsequent order vacating or upholding the original determination. *Werth*, at 690; *In re Estate of Ireland* (1971), 132 Ill. App. 2d 157, 160.

Further, the filing of a section 72 petition is not a substitute for a timely appeal (*Werth Industries, Inc. v. Mid-America Management Co.* (1973), 16 Ill. App. 3d 688, 690), and filing successive motions does not extend the time for appeal (*In re Marriage of Kirk* (1980), 85 Ill. App. 3d 805, 809). (See *Deckard v. Joiner* (1970), 44 Ill. 2d 412, 418-19, *cert. denied* (1970), 400 U.S. 941, 27 L. Ed. 2d 244, 91 S. Ct. 232.) If the July 18, 1980, order denying the defendant's petition to vacate the default judgment were a final order, the time for appeal of that order would not be extended by the filing of the second amended petition. (See *Kirk*, at 809.) Failure to appeal an order denying a petition to vacate precludes the filing of a second petition to vacate, and it is error for the trial court to entertain a second petition. (*Werth*, at 690.) Therefore, if the July 18, 1980, order had been a final order, defendant's failure to appeal that order would have precluded consideration of any subsequent petitions. However, the July 18, 1980, order was not final and appealable because it provided the defendant 21 days in which to file an amended pleading. (*Curtis v. Albion-Brown's Post 590 American Legion* (1965), 65 Ill. App. 2d 473, 477, citing *Vosnos v. Wenzel* (1962), 35 Ill. App. 2d 390; see *Rose v. Centralia Township High School District No. 200* (1978), 59 Ill. App. 3d 606, 607.) The defendant did file the second amended petition to vacate within 21 days.

Similarly, the order of the trial court denying the second amended petition on September 23, 1980, would have been a final order except for the fact that the order provided that "defendant may still file a section 72

petition." By providing in the order that defendant was given leave to file an amended petition, the order was not final and appealable. See *Rose v. Centralia Township High School District No. 200* (1978), 59 Ill. App. 3d 606, 607.

■■ The defendant filed his third amended petition on October 22, 1980. That petition was denied on November 7, 1980. There is no question that the order denying the third amended petition was final and, though not required nor determinative, the order itself states, "[t]his is a final order." The defendant filed notice of appeal of the November 7, 1980, order on December 1, 1980. We conclude that the denial of the defendant's motion to vacate the default judgment taken against him was not final and appealable until November 7, 1980, and the defendant timely filed his appeal. See *Bissett v. Gooch* (1980), 87 Ill. App. 3d 1132, 1136.

Having determined that this court has jurisdiction to hear the appeal, we address its merits. The single issue raised by the defendant on appeal is that the trial court lacked personal jurisdiction over him and, therefore, the default judgment taken against him was void. He maintains that the service purportedly had upon him on January 4, 1979, was improper abode service.

Plaintiff's counsel consistently argued in the trial court, and argues here, that defendant's petition to vacate failed to support the allegation of improper abode service and that the evidence presented by way of affidavit failed to demonstrate the fact that the individual who received service of summons was either below the age of 13, contrary to statute, and/or that she was not a member of the defendant's household. (Ill. Rev. Stat. 1979, ch. 110, par. 13.2.) Such contention is without merit. The affidavit of the defendant Peter C. Bach in support of his petition to vacate standing alone would constitute competent evidence to support his contentions that he was not a resident on January 4, 1979, at 433 Hillcrest Lane, Lombard, Illinois, where service of summons was purportedly had and that no one named Sharon Bach resided at that address but an individual named Sharon Boland who was 10 years of age did reside at that address. See *Clinton Co. v. Eggleston* (1979), 78 Ill. App. 3d 552, 555-57.

■■■ Where personal jurisdiction is based on constructive service, strict compliance with every requirement of the statute must be shown. (*Clinton Co. v. Eggleston* (1979), 78 Ill. App. 3d 552, 555.) Unlike personal service, no presumption of validity of service arises from serving a member of defendant's family at his usual place of abode. (*Harris v. American Legion John T. Shelton Post No. 838* (1973), 12 Ill. App. 3d 235, 237.) When the return is challenged by affidavit and there are no counteraffidavits, the return itself is not even evidence and, absent testimony by the deputy, the affidavit must be taken as true and

purported service of summons quashed. (*First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 906; *Harris*.) Therefore, defendant's Motion to Vacate, which plaintiff has not factually opposed, supports the defendant's contention that the trial court did not have personal jurisdiction over him. *Harris*, 12 Ill. App. 3d 235; *Chiaro v. Lemberis* (1960), 28 Ill. App. 2d 164.

The critical and controlling issue in this case is whether the defendant's actions subsequent to the default judgment constituted his voluntary submission to the trial court's jurisdiction so as to validate the judgment. Almost a year after the default judgment was entered, but prior to making any attack on it as void for lack of personal jurisdiction, the defendant sought a continuance of the citation proceedings, filed a general appearance on April 30, 1980, and filed a section 72 petition to vacate alleging only a meritorious defense and excessiveness of the award. In its November 7, 1980, order the trial court found that the defendant's general appearance on April 30, 1980, was "the filing of an appearance prior to judgment within the meaning of section 20 paragraph (1) chapter 110 Ill. Civil Practice Act" and that by entering this appearance the defendant had waived any jurisdictional argument and submitted himself to the personal jurisdiction of the trial court.

■■ Insofar as the trial court found that the filing of the appearance on April 30, 1980, was an appearance prior to judgment within the meaning of section 20 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 20), we find its application of the statute to be incorrect. The default judgment in this matter was entered on May 15, 1979. Any appearance or petition by the defendant was subsequent to the judgment. Section 20 states that any appearance prior to judgment that is not a special appearance is deemed a general appearance; it makes no reference to appearances filed subsequent to judgment.

In support of its position, the trial court had also relied on the case of *Rock Island Bank & Trust Co. v. Stauduhar* (1978), 59 Ill. App. 3d 892. That case is inapposite because there the defendant received and accepted a release of her obligations under the judgment that had been rendered without personal service, and the *Stauduhar* court found that she had, therefore, ratified the judgment. There is no similar set of circumstances in the case at bar; the defendant's actions did not constitute ratification of the judgment.

Both jurisdiction of the person and jurisdiction of the subject matter must concur or the judgment will be void in any case in which the court has assumed to act, and it is therefore fundamental that subject matter or personal jurisdiction can be raised at any time either directly or collaterally. (*Lebanon Trust & Savings Bk. v. Ray* (1973), 10 Ill. App. 3d 345, 348.) Regarding appearances made prior to judgment, there is no doubt that

under Illinois law a party challenging the personal jurisdiction of the court must limit his appearance solely to that purpose and that, where the party raises additional defenses, he has, in fact, entered a general appearance and submits himself to the court's jurisdiction. (*City of Chicago v. Bah* (1968), 101 Ill. App. 2d 17.) Section 20(1) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 20(1)), cited by the trial court in the instant case, provides for such special appearance and makes clear that an appearance prior to judgment not so limited constitutes a general appearance.

Plaintiff contends that the same test should apply to appearances made for the first time subsequent to the entry of a judgment. She also maintains that, in addition to filing a general appearance, the defendant also submitted to the trial court's jurisdiction by filing petitions to vacate the judgment pursuant to section 72 alleging the presence of a meritorious defense to the claim on the issue of liability and damages. A review of the case law in Illinois does indicate that opinions of this court are divided on this issue in cases where appearances and motions are made subsequent to judgment.

In *Powers v. Powers* (1964), 46 Ill. App. 2d 57, a First District case cited by the plaintiff, there is no distinction drawn between an appearance made prior to and subsequent to judgment. The case stands for the proposition that any appearance not strictly limited to contest jurisdiction and in any way appearing to the merits constitutes a general appearance for all purposes. We are also aware that the First District of this court has held in *Community Bank & Trust Co. v. Pavlich* (1980), 84 Ill. App. 3d 1080, that a defendant waived his jurisdictional argument, which attacked an order confirming a judgment by confession, and submitted himself to the jurisdiction of the court by not limiting his post-judgment appearance before the court to the narrow issue of service of process. In that case, the defendant requested and obtained two continuances of the citation proceedings and filed a motion to vacate the order confirming the judgment of confession alleging lack of personal jurisdiction but going on to also raise a meritorious defense and due diligence. The court found these actions subsequent to judgment went beyond a special appearance and constituted a general appearance.

Other First District cases, however, have held to the contrary. If the judgment was void when entered, it remains void notwithstanding subsequent general appearances (*City of Chicago v. Bah* (1968), 101 Ill. App. 2d 17), and a general appearance does not serve to retroactively validate a judgment void when entered. (*Francisco v. Francisco* (1980), 83 Ill. App. 3d 594, 597; *Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 586; *City of Chicago v. Bah.*) There is no need to file a special and limited appearance in challenging past jurisdiction

unless one wishes to contest the court's prospective jurisdiction as well. *Francisco*.

■■ We have considered both lines of cases and find the view expressed by the latter group to be the better rule. Strict application of the rule on special appearances to prejudgment appearances still allows a defendant the opportunity to defend on the merits. Where the defendant is found to have voluntarily submitted himself to the court's jurisdiction prior to judgment, the court has personal jurisdiction at the time it enters the judgment order, but the same logic serves only to submit a defendant to the court's jurisdiction as of the date he appeared, not retroactively as of the date of the ex parte judgment, where his appearance comes after judgment is entered. (*City of Chicago v. Bah* (1968), 101 Ill. App. 2d 17.) A defendant's attempts to set aside a void judgment subsequent to the entry of that judgment are not to be considered as giving the court original jurisdiction to enter the judgment; doing so deprives the defend- ant of his day in court. (*Mason v. Freeman National Printing Equipment Co.* (1977), 51 Ill. App. 3d 581, 587, citing *Sherrell v. Huber* (1914), 186 Ill. App. 475, 478.) However, an appearance subsequent to judgment may be construed as submission to the court's jurisdiction for retroactive valida- tion of a prior judgment where the defendant acts to accept the benefits of the judgment. *Rock Island Bank & Trust Co. v. Stauduhar* (1978), 59 Ill. App. 3d 892, 902; *Lord v. Hubert* (1957), 12 Ill. 2d 83, 86.

■■ While it is true that the defendant in this case filed a general appear- ance and also initially filed a petition under section 72 in which he asked the court to set aside the judgment on the basis that he had a meritorious defense and used diligence, it is evident that defendant had but a single purpose, to vacate the ex parte judgment against him, and the defendant did not, like the defendant in *Rock Island Bank & Trust Co. v. Stauduhar* (1978), 59 Ill. App. 3d 892, in any way ratify and admit the validity of the prior judgment by accepting its benefits. (*Lord v. Hubert* (1957), 12 Ill. 2d 83, 86-87.) Additionally, the trial judge had not ruled on any of the defendant's petitions or motions prior to considering the question of lack of personal jurisdiction.

If the defendant in this case can establish the facts set forth in his motion to vacate the judgment, it is clear that the court did not have personal jurisdiction over him at the time the judgment was entered and the judgment is void and should be set aside. We say here only that he should not have been denied the right to a hearing on the merits of his petition. The trial court erred in denying the petition to vacate on the grounds that the defendant had submitted to the jurisdiction of the court.

The order of the trial court denying defendant's petition to vacate the judgment is vacated and set aside. This cause is remanded to the trial court for a hearing on defendant's petition to vacate the judgment for lack

of personal jurisdiction and for such further proceedings which are not inconsistent with this opinion.

Reversed and remanded.

NASH and LINDBERG, JJ., concur.