J. C. PENNEY COMPANY, INC., Plaintiff-Appellee, *v.* ALBERT WEST, Defendant-Appellant.

First District (3rd Division)   No. 81—1216

Opinion filed May 4, 1983.

Ellis E. Reid, of Chicago, for appellant.

Lawrence Friedman, of Chicago (L. Bruce Goldberg, of counsel), for appellee.

JUSTICE WHITE delivered the opinion of the court:

Defendant, Albert West, appeals from the order of the trial court of April 16, 1981, which vacated its prior order quashing service of summons and allowed a default judgment to stand against him.

On February 23, 1978, a default judgment was entered against defendant in the amount of $1,199.14, plus costs. On June 1, 1978, defendant's attorney, Ira Silbar, appeared specially on defendant's behalf and was granted leave to file a motion to quash service of summons. The trial court scheduled a hearing on defendant's motion for September 28, 1978. Defendant did not appear on that date, nor did he file an affidavit to support his claim of improper service as required by section 20 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 20). No order was entered by the trial court in regard to this motion.

On June 4, 1979, the firm of Seyfarth, Shaw, Fairweather & Geraldson presented a section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72) to vacate the default judgment against the defendant.[1] Defendant's section 72 petition and attached affidavit alleged that he neither signed nor incurred the debt that forms the basis of the instant cause of action. The petition did not allege improper service of process. On July 31, 1979, after argument of counsel, the trial court denied defendant's petition.

On February 28, 1980, a third attorney, Ellis Reid, made a special appearance on behalf of defendant to quash service of summons. This motion was supported by affidavit and evidence to support defendant's claim of improper service. On February 28, 1980, the trial court granted defendant's motion to quash. Subsequently, plaintiff moved to vacate the trial court's order of February 28, 1980, on the ground that defendant, by presenting his section 72 petition, had submitted

---

[1]Defendant argues on appeal that this motion to vacate was never filed in the circuit court. However, the trial judge's order of April 16, 1981, shows that he considered it and denied the motion. Moreover, defendant's motion to vacate pursuant to section 72 and the court order denying the motion is included in the record.

himself to the jurisdiction of the court and had thereby waived any defects in service of process. On April 16, 1981, the trial court granted plaintiff's motion to vacate and allowed the default judgment against defendant to stand. The court reasoned that defendant's section 72 motion to vacate "was sufficient to show an intent to submit to the jurisdiction of this court and after seeking to avail himself of the benefits of the court, the defendant could not later raise the issue of jurisdiction as it had been waived and or abandoned." Defendant now appeals from that order.

■■ Defendant first argues that the default judgment entered against him was void when entered and was not subsequently validated by the filing of his section 72 petition. He maintains that the judgment was void because he was never served with summons and, therefore, the court lacked *in personam* jurisdiction over him. Therefore, the first issue presented for our review is whether the defendant's actions subsequent to the entry of the default judgment validated that judgment.

The law is clear in Illinois that " '[a] judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter *** is void, and may be attacked at any time or in any court, either directly or collaterally.' " (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 112, 357 N.E.2d 1154; *Barnard v. Michael* (1945), 392 Ill. 130, 135, 63 N.E.2d 858; *O'Dell v. Dowd* (1981), 102 Ill. App. 3d 189, 192, 429 N.E.2d 548.) Additionally, we note that service of summons upon a defendant is essential to create personal jurisdiction of the court. (*Community Bank & Trust Co. v. Pavlich* (1980), 84 Ill. App. 3d 1080, 1082, 406 N.E.2d 164.) However, it is well settled in Illinois that a party challenging the personal jurisdiction of the court must limit his appearance solely to that purpose and that where the party raises additional defenses, he has entered a general appearance and submitted himself to the court's jurisdiction. (Ill. Rev. Stat. 1979, ch. 110, par. 20(1); *Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 1141, 427 N.E.2d 645.) Where a general appearance is made subsequent to judgment, however, the decisions of the Illinois courts conflict as to the consequences of such an appearance.

Illinois courts have held that where a judgment is void when entered, it remains void notwithstanding subsequent general appearances and, that a general appearance does not serve to validate retroactively a judgment void when entered. (*Sullivan v. Bach* (1981), 100 Ill. App. 3d 1135, 1141; *Francisco v. Francisco* (1980), 83 Ill. App. 3d 594, 597, 404 N.E.2d 537; see *Mason v. Freeman National Printing*

*Equipment Co.* (1977), 51 Ill. App. 3d 581, 586, 366 N.E.2d 1015.) In *Sullivan*, where the facts were similar to the case at bar, the court stated:

"Where the defendant is found to have voluntarily submitted himself to the court's jurisdiction prior to judgment, the court has personal jurisdiction at the time it enters the judgment order, but the same logic serves only to submit a defendant to the court's jurisdiction as of the date he appeared, not retroactively as of the date of the ex parte judgment, where his appearance comes after judgment is entered. [Citation.] A defendant's attempts to set aside a void judgment subsequent to the entry of that judgment are not to be considered as giving the court original jurisdiction to enter the judgment; doing so deprives the defendant of his day in court. [Citations.]" 100 Ill. App. 3d 1135, 1142.

We find the foregoing rationale to be dispositive of the case before us. Here, subsequent to the entry of the default judgment against him, defendant made a general appearance by the filing of his section 72 petition that alleged a meritorious defense. (See *Powers v. Powers* (1964), 46 Ill. App. 2d 57, 60, 196 N.E.2d 731.) By making such an appearance, defendant submitted himself to the jurisdiction of the court, but only prospectively. (*Francisco v. Francisco* (1980), 83 Ill. App. 3d 594, 597.) Therefore, that general appearance did not submit defendant to the court's jurisdiction retroactively and would not serve to validate a previous order entered without jurisdiction. Accordingly, if defendant, as he maintains, was never served with process, then the trial court did not have personal jurisdiction over him at the time the default judgment was entered and the judgment is void and should be set aside.

However, plaintiff argues that a judgment entered without *in personam* jurisdiction over the defendant because of a failure to serve him with process may be cured and rendered valid if defendant appears generally and participates in subsequent proceedings or invokes any action on the part of the court for his own benefit. He relies upon *Lord v. Hubert* (1957), 12 Ill. 2d 83, 145 N.E.2d 77, *Community Bank & Trust Co. v. Pavlich* (1980), 84 Ill. App. 3d 1080, 406 N.E.2d 164, and *Farley v. Blackwood* (1978), 56 Ill. App. 3d 1040, 372 N.E.2d 921, as support for this position. These cases are distinguishable. In *Lord*, the defendant admitted the validity of the judgment in question whereas here the defendant did not. *Community Bank* is distinguishable because there a confession of judgment was involved rather than a default judgment. Finally, in *Farley* a bystander's report indicated

that defendant filed a general appearance before the default was entered.

■ Plaintiff also argues that defendant's failure to file an affidavit in support of his initial motion to quash and his failure to pursue that motion to conclusion constitutes an abandonment of his claim, citing *Washington v. Clayter* (1980), 91 Ill. App. 3d 489, 414 N.E.2d 1085. The case at bar is factually distinguishable from *Clayter*. There, defendant moved to quash service of summons prior to the entry of the default judgment. Defendant failed to appear on the court appointed date for a hearing on his motion and he did not file affidavits to support his claim as ordered by the trial court. The trial court then entered a default judgment against defendant. Affirming the trial court, the appellate court reasoned that, "disregard of court-ordered time limits cannot be condoned, particularly where employed to defeat a subsequent judgment." (91 Ill. App. 3d 489,494.) In the instant case the trial court never ordered defendant to file affidavits in support of his motion to quash and on the date set for a hearing on that motion neither party appeared and no order was entered. Furthermore, since we have found that the default judgment was void, there was never a valid judgment against defendant and nothing defendant did subsequent to that judgment could retroactively validate it.

We are of the opinion that defendant could attack the validity of the default judgment. We, however, are not in a position to determine whether the default judgment was entered with or without *in personam* jurisdiction. Accordingly, we hold that the trial court erred in vacating its order quashing service of summons and allowing the default judgment to stand. Therefore, we reverse that order and remand this cause for a hearing consistent with this opinion to determine the jurisdictional basis, if any, for the entry of the default judgment.

McNAMARA, P.J., and McGILLICUDDY, J., concur.