*In re* DETENTION OF BRAD J. LIEBERMAN (The People of the State of Illinois, Petitioner-Appellee, v. Brad J. Lieberman, Respondent-Appellant).

First District (1st Division)   No. 1—04—1819

Opinion filed March 7, 2005.

Kimball R. Anderson, Michael J. Lotus, Giel Stein, Natalie Mitchell, and Josh Goldberg, all of Winston & Strawn, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Chicago (Gary Feinerman, Solicitor General, and Linda D. Woloshin and David H. Iskowich, Assistant Attorneys General, of counsel), for the People.

JUSTICE McBRIDE delivered the opinion of the court:

Respondent, Brad J. Lieberman, appeals the circuit court's denial of his April 2004 petition for relief from judgment pursuant to section 2—1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2—1401 (West 2000)). In his petition, respondent argued that a January 2000 order of detention was void for lack of service of process. The circuit court denied respondent's petition, finding the detention order was not a final order that may be challenged under section 2—1401 and the court had personal jurisdiction over respondent.

Respondent appeals, arguing that (1) the detention order is subject to attack under section 2—1401 and (2) the circuit court abused its discretion in denying his section 2—1401 petition.

On January 5, 2000, the State filed a petition to commit respondent pursuant to the Sexually Violent Persons Commitment Act (Act) (725 ILCS 207/1 *et seq.* (West 2000)). On January 6, 2000, the circuit court entered a detention order for respondent and scheduled a probable cause hearing for January 10, 2000. On that day, respondent filed a special appearance, a motion to quash service of process and a motion to dismiss the petition for lack of jurisdiction. Respondent's counsel argued that respondent was not properly served a summons, but conceded that respondent had received a copy of the petition. The court denied both motions.

Following the denial, respondent's counsel withdrew his special

and limited appearance and converted it into a general appearance. Respondent filed a motion to dismiss pursuant to section 2—615 (735 ILCS 5/2—615 (West 2000)). In his motion, respondent contended that he had not been convicted of an offense enumerated in section 5(e) the Act. 725 ILCS 207/5(e) (West 2000). The circuit court denied respondent's petition and certified a question for interlocutory appeal. On appeal, this court reversed the circuit court's order denying respondent's motion to dismiss. *In re Detention of Lieberman*, 319 Ill. App. 3d 1020 (2001). The State appealed, and the Illinois Supreme Court reversed our decision, and the proceedings against respondent were reinstated. *In re Detention of Lieberman*, 201 Ill. 2d 300 (2002).

In April 2004, respondent filed a petition for relief from judgment pursuant to section 2—1401, in which he argued that the January 2000 detention order was void for lack of service of process. In June 2004, the circuit court denied respondent's section 2—1401 petition, finding that a section 2—1401 petition cannot be used to attack a detention order because a detention order is not a final order, and that the court had personal jurisdiction over respondent.

This appeal followed.

On appeal, respondent argues that his section 2—1401 petition properly attacked the void detention order and the circuit court abused its discretion in denying his petition because the State was required to serve respondent with a summons in order to give the circuit court personal jurisdiction over respondent.

■ Section 2—1401 provides for relief from final orders and judgments. 735 ILCS 5/2—1401 (West 2000). Final orders are those which resolve a separate and distinct part of the controversy, conclude the litigation on the merits, or dispose of the parties' rights in relation to all or part of the controversy. *Bank of Ravenswood v. Domino's Pizza, Inc.*, 269 Ill. App. 3d 714, 721 (1995). If an order is not final, section 2—1401 is inapplicable and cannot be the basis for vacating that order. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 497 (1998).

Here, the circuit court found that the detention order was not a final order from which relief could be sought under section 2—1401. Respondent contends that the supreme court in *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103, 104 (2002), held that void orders or judgments may be attacked at any time and differentiated section 2—1401 motions brought on voidness grounds from general section 2—1401 motions.

Section 2—1401(f) provides: "Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2—

1401(f) (West 2000). The *Sarkissian* court clarified that "the general rules pertaining to section 2—1401 petitions—that they must be filed within two years of the order or judgment, that the petitioner must allege a meritorious defense to the original action, and that the petitioner must show that the petition was brought with due diligence—do not apply." *Sarkissian*, 201 Ill. 2d at 104. The court went on to note the allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence. *Sarkissian*, 201 Ill. 2d at 104. However, we point out that *Sarkissian* does not discuss whether a section 2—1401 petition brought on voidness grounds can be used to attack a nonfinal order. In *Sarkissian*, the court considered whether a section 2—1401 petition filed seven years after a default judgment could still be used to attack a void judgment. *Sarkissian*, 201 Ill. 2d at 105.

■ Respondent's argument asks this court to relax section 2—1401 guidelines beyond what *Sarkissian* provided. We decline to do so. The language of section 2—1401(a) provides: "Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section." 735 ILCS 5/2—1401(a) (West 2000). A court must consider the entire statute and interpret each of its relevant parts together. *Paris v. Feder*, 179 Ill. 2d 173, 177 (1997). If legislative intent can be ascertained from the statute's plain language, that intent must prevail without resort to other interpretive aids. *Paris*, 179 Ill. 2d at 177. A complete reading of section 2—1401 must include subsection (a) alongside subsection (f), and in reading them, the legislature drafted section 2—1401 to apply to final orders and did not create an exception for void judgments. Therefore, section 2—1401 applies to final orders and judgments regardless of whether a petition attacks a void judgment or another error.

As an alternative, respondent maintains that the detention order was a final order because it resolved a separate and distinct part of the controversy. Respondent does not elaborate on what part of the controversy the detention order resolves. Respondent's argument that the detention order was a final order is unpersuasive.

By operation of the Act, a detention order is a preliminary order that functions to detain the subject of the sexually violent persons (SVP) petition through the process until a final commitment order is entered. Section 30 provides that a detention order may be entered by the circuit court after review of the SVP petition "only if there is cause to believe that the person is eligible for commitment" under section 35(f). 725 ILCS 207/30(a) (West 2000). Following the filing of a petition, the circuit court is to conduct a probable cause hearing "to determine whether there is probable cause to believe that the person

named in the petition is a sexually violent person." 725 ILCS 207/30(b) (West 2000). If the court determines that there is probable cause, the person is transferred to an appropriate facility for evaluation. 725 ILCS 207/30(c) (West 2000). If the court does not find probable cause, then the petition is dismissed. 725 ILCS 207/30(c) (West 2000). After the evaluation, a trial is held to determine whether the person who is the subject of a petition is a sexually violent person. 725 ILCS 207/35(a) (West 2000). If the court or jury determines that the person is a sexually violent person, the court shall enter a judgment on the findings and shall commit the person as provided under section 40 of the Act. 725 ILCS 207/35(f) (West 2000). If the court or jury is not satisfied beyond a reasonable doubt that the person is a sexually violent person, then the court shall dismiss the petition and direct the release of the person, unless he or she is under some other lawful restriction. 725 ILCS 207/35(f) (West 2000).

■ The outlining of the proceedings under the Act illustrates how the preliminary detention order factors into the proceedings. The mechanics of the Act do not create final orders at every step. An order is final for purposes of review when matters left for future determination are merely incidental to the ultimate rights that have been adjudicated by the judgment. *In re D.D.*, 212 Ill. 2d 410, 418 (2004). Here, the matters left for future determination are the heart of the case—whether the State can prove that respondent is a sexually violent person and should be committed under the Act. The detention order operates only as a temporary step until the State presents probable cause for respondent's commitment. We note that the circuit court need only review the petition to see if the subject is eligible for commitment under the Act, and nothing more. The final order is the judgment after trial either ordering commitment of the subject or dismissal of the proceedings and release. We conclude that the detention order is not a final order subject to attack under a section 2—1401 petition. Since only final orders are subject to section 2—1401 petitions, respondent's section 2—1401 petition was properly denied.

We note that respondent's reliance on *In re Custody of Ayala*, 344 Ill. App. 3d 574 (2003), is not helpful to the question before this court. The question before this court is whether a detention order under the Act is a final order, and the court in *Ayala* did not address such an issue.

■ However, even if this court were to consider the merits of respondent's petition, we find that the circuit court did not abuse its discretion in denying respondent's petition. Respondent's petition argued that the detention order is void because the circuit court lacked personal jurisdiction over respondent. Respondent further alleged that

the State was required to serve a summons on respondent in order to properly confer jurisdiction in the circuit court. Whether a section 2—1401 petition should be granted lies within the sound discretion of the trial court, and a reviewing court will only disturb a circuit court's order granting such relief if it finds that the trial court abused its discretion. *Enclosures, Inc. v. American Pay Telephone Corp.*, 287 Ill. App. 3d 900, 902 (1997).

Respondent contends that because the Act is civil in nature (see 725 ILCS 207/20 (West 2000)), the State was required to serve him in accordance with the Code in order to confer personal jurisdiction on the circuit court. Respondent claims that the State failed to do so within the provisions of the Code, and therefore, the detention order was entered when the court lacked jurisdiction over respondent and is void.

Section 2—301 of the Code allows a party to object to the court's jurisdiction for insufficiency of service of process if made prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear. 735 ILCS 5/2—301(a) (West 2000). Additionally, section 2—301(c) provides that any error in the ruling against the objecting party on the objection is waived by the party's taking part in further proceedings unless the objection is on the ground that the party is not amenable to process issued by a court of this state. 735 ILCS 5/2—301(c) (West 2000).

Here, respondent filed a special appearance to object to jurisdiction, but once the circuit court denied his objection, respondent's special appearance was withdrawn and converted into a general appearance. Respondent then moved to expedite discovery and filed a motion to dismiss on grounds unrelated to jurisdiction without any objection to the court's jurisdiction. Therefore, respondent submitted himself to the court's jurisdiction when he participated in the proceedings and cannot assert the court lacked jurisdiction when he willingly recognized the court's authority. Moreover, the Fourth District in *In re Detention of Erbe*, 344 Ill. App. 3d 350 (2003), considered a similar question where a person subject to a SVP petition argued that the circuit court's appointment of counsel was void because the court lacked jurisdiction over defendant. The *Erbe* court found that the appointment of counsel was not void because the respondent waived any objection to the court's personal jurisdiction over him when he appeared at the probable cause hearing. *Erbe*, 344 Ill. App. 3d at 363-64; see also *People v. Rainey*, 325 Ill. App. 3d 573, 581 (2001). In the present case, respondent likewise waived any jurisdictional objection. Therefore, even if the section 2—1401 petition was the correct vehicle to challenge the detention order, which we do not find, the circuit

court did not abuse its discretion because respondent was precluded from arguing that the court lacked personal jurisdiction over him.

Respondent relies on *J.C. Penney Co. v. West*, 114 Ill. App. 3d 644, 646-47 (1983), to contend that general appearance only serves to confer jurisdiction prospectively and does not validate a void judgment retroactively. The flaw in respondent's argument is that he based it on the premise that a detention order is a final order, when that is not the case. The detention order is not final, but interlocutory, because it is subject to later findings during the commitment proceedings. We have reviewed *J.C. Penney* and find it does not apply to the facts present in this case for this reason. In *J.C. Penney*, the court considered whether a default judgment was void because it was entered without jurisdiction. *J.C. Penney*, 114 Ill. App. 3d at 647. There, a default judgment for $1,199.14, plus costs was entered against the defendant. *J.C. Penney*, 114 Ill. App. 3d at 645. The defendant filed a motion to quash service of summons, but failed to appear at the hearing. The defendant, represented by new counsel, later filed a section 72 petition (Ill. Rev. Stat. 1979, ch. 110, par. 72 (now 735 ILCS 5/2—1401 (West 2000))), which alleged that the defendant had not incurred the subject debt, and the court denied the petition. Finally, just over two years after the default judgment, the defendant's third counsel made a special appearance to quash the service of summons. The trial court allowed the defendant's motion to quash, but later granted the plaintiff's motion to vacate that order and let the default judgment stand finding that the filing of the section 72 petition was sufficient to submit to the court's jurisdiction. *J.C. Penney*, 114 Ill. App. 3d at 645-46. On appeal, the reviewing court found that the defendant could attack the validity of the default judgment because if the defendant was not served with process, then the trial court lacked personal jurisdiction over him at the time of the default judgment. *J.C. Penney*, 114 Ill. App. 3d at 647. In contrast, the present case, as previously discussed, does not involve a final order or judgment, but is challenging an interlocutory detention order. *J.C. Penney*, and the cases cited therein, involve final judgments and are not analogous to the instant case. See *J.C. Penney*, 114 Ill. App. 3d at 645; *Sullivan v. Bach*, 100 Ill. App. 3d 1135 (1981) (involving an *ex parte* judgment for $20,000); *Francisco v. Francisco*, 83 Ill. App. 3d 594 (1980) (divorce decree entered without wife's appearance); *Mason v. Freeman National Printing Equipment Co.*, 51 Ill. App. 3d 581 (1977) (*ex parte* judgment against the defendant).

Based on the foregoing reasons, we affirm the decision of the circuit court of Cook County.

Affirmed.

GORDON and O'MALLEY, JJ., concur.