# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Commitment of DeSilvestro*, 2013 IL App (3d) 120563

---

| | |
|---|---|
| Appellate Court Caption | *In re* COMMITMENT OF JOSEPH DeSILVESTRO (The People of the State of Illinois, Petitioner-Appellee, v. Joseph DeSilvestro, Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3-12-0563 |
| Filed | October 25, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Respondent's appeal from the denial of his motion filed under section 2-1401 of the Code of Civil Procedure to dismiss proceedings seeking to commit him as a sexually violent person was dismissed, since a proceeding under section 2-1401 provides for a petition to declare a judgment or order void and the petition must be filed in the same proceeding in which the order or judgment being attacked was entered, but respondent's motion under section 2-1401 was merely labeled a section 2-1401 motion, it did not challenge any order or judgment, it sought dismissal of the entire proceedings seeking respondent's commitment, and the appellate court was left without jurisdiction. |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 10-MR-7; the Hon. Daniel J. Bute, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on Appeal

J. Nicolas Albukerk, of Albukerk & Associates, of Chicago, for appellant.

Lisa Madigan, Attorney General, of Chicago (Michael M. Glick and Stephen M. Soltanzadeh, Assistant Attorneys General, of counsel), for the People.

Panel

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.

Justice O'Brien concurred in the judgment and opinion.

Justice Carter specially concurred, with opinion.

## OPINION

¶ 1    The State of Illinois filed a petition seeking to commit respondent, Joseph DeSilvestro, pursuant to the Sexually Violent Persons Commitment Act (the Act) (725 ILCS 207/1 (West 2010)). Respondent eventually filed a "motion to dismiss pursuant to 2-1401(f)" seeking dismissal of the entire commitment proceeding. Following a hearing and argument, the circuit court of La Salle County denied respondent's motion. Respondent appeals, claiming he was not in lawful custody at the time the State filed its petition and, therefore, the trial court erred in denying his motion to dismiss.

¶ 2                           BACKGROUND

¶ 3    In 2004, the State charged respondent in case No. 2004-CF-278 with numerous counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(c)(1)(i) (West 2004)), claiming he knowingly fondled the penises of four different minors between August of 2001 and January of 2004 for the purpose of his sexual arousal. Respondent entered into a fully negotiated plea in which he pled guilty to four separate counts of aggravated criminal sexual abuse in exchange for four concurrent sentences of seven years' incarceration.

¶ 4    The written judgment of sentence did not identify a specific term of mandatory supervised release (MSR). Prior to discharging his full seven years of incarceration, respondent apparently became eligible for early release due to good-time credits. September 7, 2007, would have been respondent's release date; however, the host site where he proposed to live upon release was "too close to a school."

¶ 5    Respondent eventually arranged for suitable housing in 2009, which led to his release on MSR in April of 2009. In December of 2009, a warrant issued for respondent's arrest due to violations of the terms of his MSR. The alleged violations included possessing the following items or materials: a computer, children's video home system (VHS) tapes, children's clothing items, children's books, stuffed animals, and dolls. The petition to revoke

respondent's MSR further alleged that respondent worked diligently upon release to return to a position within the Knights of the Altar, which provides instruction to altar boys in the Roman Catholic Church.

¶ 6    Respondent notes that many of the items identified in the petition to revoke his MSR were "a gift for his grandchildren *** all of whom would like him to live with them in his final years." Respondent suggests that the allegations in the petition to revoke his MSR were a sham and "at best pretextual interpretations by parole officers." Respondent, however, provides no citation in the record to direct us to facts supporting his claims regarding the petition to revoke his MSR. Other than the petition to revoke, itself, and the sentencing order, respondent has chosen not to include many documents from his criminal case in the record on appeal before us.

¶ 7    With respondent back in custody of the Illinois Department of Corrections (DOC), on January 20, 2010, the State filed a petition to detain respondent under the Act. The petition alleged that respondent suffered from the mental disorders of pedophilia, paraphilia, and narcissistic personality disorder, making him dangerous to others. The petition also alleged that these mental disorders made it substantially probable that respondent would engage in acts of sexual violence.

¶ 8    On January 21, 2010, the matter proceeded to a "probable cause hearing." The docket sheet from the trial court notes that respondent appeared at the probable cause hearing with counsel and that "respondent agrees to stipulate to the charges." The docket sheet entry continued, noting the "court questions respondent and finds that [he] knowingly and willing stipulates to the charges. Probable cause is found. Respondent is to be detained by the Department of Human Services."

¶ 9    Nearly a year later, on January 14, 2011, respondent filed a motion to dismiss, pursuant to section 2-619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619 (West 2010)), claiming the trial court lacked personal jurisdiction over him. Respondent concluded that the State failed to properly serve him with process of the commitment proceedings given the fact that an employee of the Attorney General's office served him with process. This service, respondent posited, was not in accordance with language found in section 2-202(a) of the Code, which states that a party be served by someone "not a party to the action." 735 ILCS 5/2-202(a) (West 2010).

¶ 10   Approximately four months later, on April 6, 2011, with his initial motion to dismiss still pending, respondent filed a subsequent motion to dismiss, claiming the trial court lacked subject matter jurisdiction. Respondent asserted that he completed his sentences of incarceration on September 7, 2007, and should have commenced his MSR on that date. This motion acknowledges that respondent could not find suitable housing, leading him to begin his term of MSR while remaining in custody.

¶ 11   Respondent's motion continues by alleging that the DOC erroneously applied a four-year term of MSR, instead of an allegedly agreed-upon two-year term. This, respondent claimed, caused his incarceration to be improperly prolonged. The section 2-619 motion to dismiss continued, noting that section 15 of the Act requires a petition seeking commitment to be filed "before the release or discharge of the person or within 30 days of placement onto

parole or mandatory supervised release." 725 ILCS 207/15(a) (West 2010). Respondent concluded that the court did not have subject matter jurisdiction, as he claimed he should have been released on September 9, 2008, and the State did not file its petition until January 20, 2010.

¶ 12    The trial court denied both motions on July 20, 2011. Respondent filed a motion to reconsider denial of his motion to dismiss based upon subject matter jurisdiction. The trial court denied the motion to reconsider on December 22, 2011.

¶ 13    On March 15, 2012, the respondent filed a "motion to dismiss pursuant to section 2-1401(f)" of the Code. 735 ILCS 5/2-1401 (West 2010). Respondent's section 2-1401 motion to dismiss reiterates many of the allegations contained within his section 2-619 motion to dismiss for lack of subject matter jurisdiction. The trial court denied the section 2-1401 motion on June 21, 2012. Respondent filed a notice of appeal on July 5, 2012.

¶ 14                                    ANALYSIS

¶ 15    The issues raised on appeal relate to the denial of respondent's section 2-1401 motion. We review the denial of a section 2-1401 petition *de novo*. *People v. Vincent*, 226 Ill. 2d 1, 18 (2007).

¶ 16    Respondent argues that the State illegally prolonged his incarceration prior to filing the petition seeking to commit him under the Act. Respondent claims that the sexually violent person (SVP) petition must be dismissed. This is so, respondent posits, because had he received the benefit of his plea agreement, he would have been beyond the reach of an SVP petition on January 20, 2010.

¶ 17    The State notes, in its response, that section 2-1401 is not a proper procedural mechanism to attack or seek the dismissal of a commitment petition. Moreover, the State notes that nowhere in respondent's opening brief does respondent identify a specific order or judgment from which he seeks relief. Respondent, instead, argues for dismissal of the entire proceedings. The State notes that respondent's arguments, rather than focusing on a specific order from the commitment proceedings, center, at best, on the sentencing order from the criminal case No. 2004-CF-278.

¶ 18    Section 2-1401 of the Code states, in pertinent part:

"Relief from judgments.

(a) Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section. ***

(b) The petition must be filed in the same proceeding in which the order or judgment was entered but is not a continuation thereof. ***

* * *

(f) Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2-1401 (West 2010).

¶ 19    As the plain language above indicates, section 2-1401 provides relief from final orders and judgments. 735 ILCS 5/2-1401 (West 2010). We can find no authority to support

-4-

respondent's contention that section 2-1401 provides a procedural mechanism to dismiss a petition or a complaint.

¶ 20    Moreover, our supreme court has been clear that "[s]ection 2-1401 requires that the petition be filed in the same proceeding in which the order or judgment was entered, but it is not a continuation of the original action." *Vincent*, 226 Ill. 2d at 7; 735 ILCS 5/2-1401(b) (West 2010).

¶ 21    Respondent's section 2-1401 motion claims that he was improperly detained by the DOC and that the State filed its petition to commit him under the Act during this improper detention and concludes that the "SVP proceeding must be dismissed." Respondent's motion identifies the "sentencing order *** entered on 2/10/05" in case No. 2004-CF-278 and notes that the order "makes no mention of a MSR sentence." In his motion, respondent quotes the transcript from his sentencing hearing in which the trial court mentioned a two-year term of MSR, which is applicable when one has a single conviction for aggravated criminal sexual abuse. The motion continues by alleging that the DOC lacked the authority to impose an MSR term beyond that two years and, therefore, the "extension of the MSR from two to four years is thus void." Even if we agreed with this misstatement of both fact and law, we must first have jurisdiction to address the argument.

¶ 22    No final orders or judgments have been rendered in the case at bar. A detention order is not a final order. *In re Detention of Lieberman*, 356 Ill. App. 3d 373, 377 (2005).[1] There has been no trial. Respondent's motion seeks to attack the sentencing order in case No. 2004-CF-278. Respondent cannot use a section 2-1401 petition filed in this case to seek relief from a final order in another case. See 735 ILCS 5/2-1401(b) (West 2010); *Vincent*, 226 Ill. 2d at 7. Also, the DOC's actions in applying the statutorily mandated MSR is not a final order or judgment. To the extent respondent is attacking the order denying his motion to dismiss, that order is not a final order or judgment.

¶ 23    An order denying a motion to dismiss is not a final order or judgment. We find that labeling the motion to dismiss as a section 2-1401 motion did not convert the motion to a section 2-1401 petition. Likewise, a pleading seeking relief from anything other than a final order and judgment is simply not a section 2-1401 petition, notwithstanding its title. One cannot convert a minivan into a D11 by simply painting it yellow and writing "CAT" on the doors. Our appellate jurisdiction in this matter depends upon the denial of a section 2-1401 petition. There was no section 2-1401 petition filed below. We are left without jurisdiction.

¶ 24    The special concurrence is based upon the incorrect assumption that respondent's "section 2-1401 motion to dismiss" sought review of only the detention order. As explained above, respondent sought dismissal of the entire SVP proceedings, not simply reversal of the detention order.

---

[1] We agree with *Lieberman*'s analysis with respect to whether a detention order is a final order subject to attack under a section 2-1401 petition. However, we believe that once the appellate court made that determination, the judgment should have been "appeal dismissed" as opposed to "affirmed."

¶ 25                              CONCLUSION

¶ 26        For the foregoing reasons, we dismiss this appeal for want of jurisdiction.

¶ 27        Appeal dismissed.

¶ 28        JUSTICE CARTER, specially concurring.

¶ 29        I agree with the majority's holding that we lack jurisdiction to consider this appeal. However, I respectfully do not join in the majority's analysis.

¶ 30        Illinois Supreme Court Rule 304(b)(3) (eff. Feb. 26, 2010) provides that an appeal can be taken from "[a] judgment or order granting or denying any of the relief prayed in a petition under section 2-1401 of the Code of Civil Procedure." However, in *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 13, our supreme court held that the denial of an improperly filed section 2-1401 petition was not appealable under Rule 304(b). In that case, the section 2-1401 petition sought a *vacatur* of a foreclosure judgment but was filed before the judicial sale even occurred. *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 4. As the supreme court noted, a foreclosure judgment "is not final and appealable until the trial court enters an order approving the sale and directing the distribution." *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 11. Thus, because the section 2-1401 petition was premature, the supreme court held that Rule 304(b) did not confer jurisdiction. *EMC Mortgage Corp.*, 2012 IL 113419, ¶ 13.

¶ 31        In this case, the respondent challenged the underlying process leading to the detention order in his section 2-1401 petition. The respondent challenged the circuit court's jurisdiction in his petition, alleging that the State did not have authority to file the sexually violent persons petition because he was not lawfully in custody. The respondent argued in the trial court that pursuant to section 2-1401(f), his petition seeks relief from the proceeding that was based on a void order imposing the mandatory supervised release sentence, and that section 2-1401(f) provides a separate and distinct remedy from section 2-1401(a). In his reply brief, the respondent claims he seeks section 2-1401(f) relief from a specific void order; namely, his detention order. Such an order is not a final order. *In re Detention of Lieberman*, 356 Ill. App. 3d 373, 377 (2005). Thus, section 2-1401 relief was not available to the petitioner at the time he filed his petition. *Lieberman*, 356 Ill. App. 3d at 376. Thus, pursuant to *EMC Mortgage Corp.*, this appeal must be dismissed.

¶ 32        For the foregoing reasons, I respectfully do not join in the majority's analysis but agree that we lack jurisdiction to consider this appeal.